### J. D. LUNSFORD v. ASHEVILLE MANUFACTURING COMPANY.

(Filed 16 January, 1929.)

**Master and Servant—Liability of Master for Injuries to Servant—Contributory Negligence of Servant.**

While in the course of his employment the plaintiff was engaged in running a truck loaded with several tons of lumber, running on wheels upon a track from his employer's dry kiln to a transfer point, and knowing that the truck would run down on an incline, chose of his own volition, without instructions to do so, to try to stop the moving truck by getting in front of it and bracing his back against it, in an unusual manner, and thus received the injury in suit: *Held,* the conduct of the plaintiff constituted contributory negligence that would bar his recovery, if his negligence was the cause or one of the causes without which the injury would not have occurred.

CIVIL ACTION, before *Moore, J.,* at May Term, 1928, of BUNCOMBE.

The evidence tended to show that plaintiff, at the time of his injury, was taking a truck out of the kiln to the transfer. The trucks ran on tracks and were five feet long and four or five feet wide, and ran on wheels about six or seven inches high. The truck that injured the plaintiff was loaded with several tons of lumber. The trucks were pushed along the track to the "transfer," which ran on a track on the outside of the dry-kiln room.

The plaintiff testified that the transfer track and the kiln track did not match by reason of the fact that there was about a two-inch fall from the kiln track to the transfer track. Plaintiff testified as follows: "The track that ran through the kiln room was just up and down. Sometimes it ran away with you and you couldn't hold it, and sometimes you had to push it. . . . You cannot follow the truck out and hold to it. You have to hold to it until you get to the door and then

hold to the back sticks or get a man in front. There has to be a man in front holding to it to keep it from running off the transfer. On 6 May, the day I was hurt, the truck ran out there and I undertook to hold it and had to jump on the outside to catch it, and it came with such speed it hit me in the back, then it run on with me to a scotch I had on the transfer, hit the scotch and came back and bounced back and hit me again in the back and hurt me bad. . . . When I jumped in front to hold it to keep it from going in the mill against the rip saw is when it hit me. . . . The way ·I got ahead of it, it was coming, and I ran to keep from mashing in the door. You cannot get beside it when it is in the door. I had to get out while I could and get hold of it in some other way when it came on the transfer. When I grabbed I threw my back against it to hold it back. . . . When I went out to try and stop the truck as I went to the platform I was in front. I had my back to it. I couldn't hold any other way."

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of plaintiff. The verdict awarded damages in the sum of $2,500.

From judgment upon the verdict defendant appealed.

*George M. Pritchard for plaintiff.*
*Weaver & Patla for defendant.*

BROGDEN, J. The evidence discloses that the plaintiff stepped in front of a heavily loaded moving truck of lumber and attempted to hold it by placing his back against it, and, as a result thereof, received the injury complained of. There is no evidence that he was directed to move the truck or to stop the truck in any such manner, or that such method of stopping the truck was in use about the plant. Therefore, as we interpret the record, the plaintiff deliberately and voluntarily chose a highly dangerous method of stopping the truck.

"When contributory negligence appears from the plaintiff's evidence, a nonsuit is properly granted, but not when such evidence is from the defendant." *Nowell v. Basnight,* 185 N. C., 142, 116 S. E., 87. And when a person *sui juris* knows of a dangerous condition and voluntarily goes into a place of danger, he is guilty of contributory negligence which will bar recovery. *Royster v. R. R.,* 147 N. C., 347, 61 S. E., 179; *Fulghum v. R. R.,* 158 N. C., 555, 74 S. E., 584.

There was evidence on behalf of plaintiff tending to show that the walkway was in a defective condition, but the plaintiff's negligence, in order to bar recovery, need not be the sole proximate cause of the injury, for this would exclude the idea of negligence on the part of defendant. It is sufficient if his negligence is a cause, or one of the causes without

which the injury would not have occurred. *Construction Co. v. R. R.,* 184 N. C., 179, 113 S. E., 672; *Fulcher v. Lumber Co.,* 191 N. C., 408, 132 S. E., 9; *Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237; *Elder v. R. R.,* 194 N. C., 617, 140 S. E., 298.

Certainly the injury to plaintiff could not have occurred had he not voluntarily placed himself upon the track in front of a moving truck, pressing his back against it in an attempt to hold it. Under the well established principles of law pertinent to such a state of facts, the plaintiff is not entitled to recover, and the motion for nonsuit duly made should have been granted.

Reversed.