LILLY BELLE NEWMAN, BY HER NEXT FRIEND, D. F. NEWMAN, v. QUEEN CITY COACH COMPANY.

(Filed 28 June, 1933.)

1. **Automobiles C j—In order to impute negligence to passenger he must have control of car amounting substantially to joint possession.**

   In order for the negligence of the driver of a car to be imputed to a passenger riding therein it is necessary that the passenger have such control over the car as to be substantially in joint possession of it, and the fact that driver and passenger have a common enterprise in riding is not sufficient.

2. **Automobiles C f—Evidence of failure to slacken speed under circumstances held to raise issue of negligence for jury.**

   Plaintiff's evidence, contradicted by defendant, that the driver of defendant's bus did not slacken his speed but drove straight into the car in which plaintiff was riding although he saw the car as a dark object in the road at night when three hundred feet therefrom is held to raise an issue for the jury.

3. **Trial E e—**

   Where requested instructions are substantially given in the charge the refusal to give the instructions as requested will not be held for error.

4. **Automobiles C f—Act of driver in turning car around at night on populous highway where there is no intersection is negligence.**

   The act of the driver in attempting to turn his car around at night on a populous highway at a place where there is no intersecting highway is negligence, and when the sole proximate cause of injury to a passenger in his car bars the passenger's right to recover against the driver of the other car involved in the collision.

CIVIL ACTION, before *Oglesby, J.,* at August Term, 1932, of UNION.

The action was instituted for the recovery of damages for personal injury sustained by the plaintiff in a collision between the car in which she was riding as a guest, and a bus owned and operated by the defendant. The collision occurred in the night time and the details thereof as given by the plaintiff are substantially as follows: "On the night of 9 February I had occasion to go to Indian Trail with the basketball team and went with Herman Gaddy, Pauline Griffin and Katherine Trull in Mr. Gaddy's car. He is teacher at Benton Heights School, and also coach of the basketball team. I did not pay Mr. Gaddy anything to carry me up there. I was really a guest in his car and had no control at all over it. Somewhere between Stouts and Indian Trail Mr. Gaddy turned his car around in the road. I did not tell him to, but it was suggested that he turn around, and before the turn was made I looked both ways on the road and there was nothing in sight. We started making the turn and we were almost turned around, pulling up toward Monroe, just barely moving, when over the hill we saw this bus, and I told him there was a car coming, and when we turned around in the road I observed another car coming from toward Monroe and saw the bus coming over the hill that way. . . . The bus was coming fast, very fast, . . . and from the time it came over the hill it did not decrease its speed, it was the same. The bus did not turn in the road, it came straight on. At the time the bus came over the hill we were turning toward Monroe, we hadn't pulled off yet, we had about turned. The car had gotten across the center of the road and was on Mr. Gaddy's right of the center, on that side. The distance from the top of that hill to the place where the car was struck is, I should say, about 300 feet, somewhere around that." There was a conflict in the evidence with regard to the extent of plaintiff's injury. She testified that she was seriously and permanently injured and there was testimony to the contrary.

The evidence for the defendant tended to show that the driver of the bus was keeping a careful lookout, and when he came to the top of the hill he saw a dark object in the road ahead. In the meantime a truck with brilliant lights was approaching the dark object and the driver contended that this prevented him from discovering that the dark object was an automobile attempting to turn around on a populous highway in the night time. The driver further testified that he did not discover that the dark object was an automobile until he was very close to it, and that the oncoming truck with the bright lights, interfered with his vision, and also with his ability to turn the bus so as to avoid striking the car. The bus struck one of the hind wheels of the car, and the injuries resulted from the impact.

Issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiff. There was an award of damages in the sum of $2,500, and from judgment upon the verdict the defendant appealed.

*Vann & Milliken for plaintiff.*
*John C. Sikes for defendant.*

BROGDEN, J. The contention that the plaintiff and the driver of the car were engaged in a joint enterprise is not sustained. "A common enterprise in riding is not enough. The circumstances must be such as to show that the plaintiff and the driver had such control over the car as to be substantially in the joint possession of it." *Charnock v. Refrigerating Co.*, 202 N. C., 105, 161 S. E., 707; *Albritton v. Hill*, 190 N. C., 429, 130 S. E., 5. Likewise the judge ruled correctly in submitting the cause to the jury. The evidence for plaintiff tended to show that, when the bus arrived at the top of the hill, 300 feet away, the driver did not slaken his speed, but drove straight ahead into the car. Upon this point the evidence of the driver and of the passengers in the bus was directly to the contrary. Hence an issue arose for the determination of the jury.

In apt time the defendant requested the court to charge the jury as follows: "If you find from the evidence that the sole and proximate cause of plaintiff's injury was due to the negligence of the driver of the automobile occupied by her, in turning around on Highway No. 20 in the night time, at the point where he did turn around, and that this, and this alone, was the proximate cause of her injury, you should answer the first issue 'No.'" The record discloses that the court declined to give this instruction.

As the evidence shows that the driver of the car undertook to turn around in the night time upon a populous highway at a point where there was no intersecting road, the defendant was entitled to have such instruction given the jury. However, it appears that such instruction was substantially given subsequently in the charge, in almost the exact language of the prayer. Therefore, the assignment of error is not sustained.

There are other exceptions in the record, but a careful examination does not disclose that any of them warrants a new trial.

No error.