M. G. WRIGHT, TRADING AS WRIGHT PURITY ICE AND FUEL COMPANY, v. D. PENDER GROCERY COMPANY.

(Filed 23 September, 1936.)

1. **Negligence D d—Instruction held for error in failing to charge that contributory negligence bars recovery if it concurs in producing injury.**

   An instruction that the burden was on defendant to prove that plaintiff's negligence was the proximate cause of the injury in order for defendant to sustain the defense of contributory negligence *is held* erroneous for failing to instruct on the element of concurring or coöperating negligence, it not being necessary that contributory negligence be the sole proximate cause of the injury in order to bar recovery, it being sufficient if such negligence is one of the proximate concurring causes of the injury.

2. **Appeal and Error J e—**

   An erroneous instruction upon a defense raised by the answer and supported by defendant's evidence cannot be held harmless upon defendant's appeal upon plaintiff's contention that the error was immaterial because defendant's evidence was insufficient to support the defense.

APPEAL by defendant from *Small, J.,* at March Term, 1936, of PASQUOTANK. New trial.

Action to recover damages for injury to plaintiff's truck, alleged to have been caused by the negligence of the defendant.

Upon allegations of negligence, contributory negligence, and damages, and the testimony in support thereof, appropriate issues were submitted to the jury and all answered in favor of the plaintiff, and from judgment in accordance therewith defendant appealed.

*J. H. LeRoy, Jr., for plaintiff, appellee.*
*Worth & Horner for defendant, appellant.*

DEVIN, J.  The only assignment of error is to the judge's charge on
the issue of contributory negligence.  The defendant complains that the
court below failed to properly instruct the jury on this phase of the
case.  It appears from the record that the court, after properly defining
negligence and proximate cause, used this language with reference to
the first issue: "If you are satisfied by the greater weight of the evi-
dence, first, that the defendant was negligent, and, second, that the
defendant's negligence was the proximate cause of the injury, you would
answer the first issue 'Yes.'  If not so satisfied, you would answer it
'No,'" and that he charged the jury on the second issue as follows:
"The burden of that issue is on the D. Pender Company to satisfy you,
by the greater weight of the evidence, the same degree of proof, that it
was the plaintiff's negligence that caused the injury to plaintiff's truck.
If you are satisfied, by the greater weight of the evidence, that the plain-
tiff's negligence was the proximate cause of plaintiff's injury to his
truck, you will answer the second issue 'Yes.'  If you are not so satisfied,
you will answer the second issue 'No.'"

The defendant complains that the vice of this charge consisted in the
failure to properly define contributory negligence and the omission from
the instructions thereon of the element of concurring or coöperating negli-
gence.  And from the record before us we are constrained to the view
that the learned judge inadvertently overlooked this material aspect of
the case.

In *Moore v. Iron Works,* 183 N. C., 438, *Stacy, C. J.,* in accord with
the uniform decisions of this Court, defined contributory negligence as
follows: "Contributory negligence, such as will defeat a recovery in a
case like the one at bar, is a negligent act of the plaintiff, which, con-
curring and coöperating with the negligent act of the defendant, thereby
becomes the real, efficient, and proximate cause of the injury, or the
cause without which it would not have occurred."  *Boswell v. Hosiery
Mills,* 191 N. C., 549; *Inge v. R. R.,* 192 N. C., 522.

The plaintiff's negligence need not have been the sole proximate cause
of the injury.  If his negligence was one of the proximate causes, the
plaintiff would not be entitled to recover.  To charge the jury that the
burden was on the defendant to show that the plaintiff's negligence was
the proximate cause of the injury would exclude the idea of the concur-
ring negligence of both plaintiff and defendant proximately contributing
to the injury.  *Scott v. Tel. Co.,* 198 N. C., 795; *Lunsford v. Mfg. Co.,*
196 N. C., 510; *West Const. Co. v. R. R.,* 184 N. C., 179.

The injury complained of occurred in the State of Virginia, and the
courts of that state have held instructions similar to those complained of

in the case at bar to be erroneous in the respects herein pointed out. *Powhatan Lime Co. v. Affleck's Administrator,* 115 Va., 643; *Norfolk & Western R. R. v. Cromer's Administratrix,* 99 Va., 763; *Richmond Traction Co. v. Martin's Administrator,* 102 Va., 209. As was said by Keith, P. J., in *Norfolk & Western R. R. v. Cromer's Administratrix, supra:* "The very term 'contributory negligence' implies that it need not be the exclusive cause of the injury. It is enough if it contributes to the injury."

The plaintiff, however, argues that there was here no evidence of contributory negligence, and that any omission on the part of the judge in his charge on this issue was immaterial and harmless.

We cannot concur in this view. Contributory negligence was set up in the answer, and after the evidence was presented, the court submitted the proper issue addressed to the question thus raised. The evidence on this issue was sufficient to warrant its submission to the jury.

For the reasons herein set out, there must be a

New trial.