NORMAN GOLD, Administrator, v. W. B. KIKER et al.

(Filed 25 September, 1940.)

**1. Trial § 48—Denial of motion for mistrial for alleged prejudice resulting from conduct of codefendant held not prejudicial.**

An action for wrongful death and an action for negligent injury against the same defendants as joint tort-feasors, were consolidated for trial. Both defendants participated in the selection of the jury and in cross-examining plaintiff's first three witnesses, but counsel for the two defendants were conducting the case at "arm's length." Appealing defendant moved for a mistrial on the ground that its codefendant was attempting to fix it with liability and the court thereupon made investigation and found that the codefendant had agreed to compromise the case against it but to remain in the case to prevent appealing defendant from placing sole responsibility upon it, and ordered the cause dismissed as to the codefendant and denied the motion for mistrial. The appealing defendant thereafter cross-examined an adverse witness relative to the compromise agreement, and the court charged the jury that the compromise agreement should have no bearing upon the liability of the appealing defendant, but should be considered solely as credit on damages, if any, awarded against the appealing defendant. *Held:* While it is apparent that the court dismissed the action as to the compromising defendant because probable harm might otherwise come to appealing defendant, it not being clear from the record that harm already had been done and it further appearing that the motion for mistrial was addressed to the discretion of the court and that appealing defendant itself elected to place the circumstances before the jury and was allowed to take credit for the amount its codefendant had agreed to pay plaintiffs, that the court instructed the jury to disregard the compromise in determining the liability of the appealing defendant and to consider it only for the purposes of credit in case they came to award damages, the refusal of appealing defendant's motion for mistrial cannot be held for prejudicial error.

**2. Appeal and Error § 38—**

The party alleging error has the laboring oar and must overcome the presumption against him.

**3. Appeal and Error § 37b—**

Discretionary rulings of the trial court are not ordinarily considered on appeal unless accompanied by some imputed error of law or legal inference.

**4. Appeal and Error § 39a—**

Verdicts and judgments are not to be disturbed except upon a showing of prejudicial error, which is error amounting to the denial of some substantial right.

**5. Negligence § 19b—**

The fact that plaintiff's testimony-in-chief and his testimony upon cross-examination is not wholly consistent, his testimony-in-chief being weakened by his testimony upon cross-examination, does not warrant the granting of defendants' motion to nonsuit on the ground of contributory negligence, the testimony being sufficiently equivocal to require its submission to the jury.

**6. Negligence § 11—**

Contributory negligence, *ex vi termini,* presupposes negligence on the part of the defendant, and contributory negligence will bar recovery if it is one of the proximate causes of the injury.

**7. Highways § 19—**

In this action against a road contractor to recover for injury sustained by plaintiff driver while attempting to travel a highway which was under construction, evidence of negligence of defendant in failing to maintain proper warning signs of danger and evidence on the issue of contributory negligence *held* properly submitted to the jury.

**8. Costs § 2b—**

In this action against joint tort-feasors, the court, upon ascertaining that one defendant had reached a compromise agreement with plaintiff and had agreed to remain in the case solely to prevent the other defendant from fixing it with sole liability, dismissed the action as to the compromising defendant. *Held:* The order of the court taxing plaintiffs with one-half the costs which accrued prior to the dismissal of the actions against the compromising defendant is authorized by C. S., 1242.

CLARKSON and SCHENCK, JJ., dissent in part.

SEAWELL, J., dissents.

APPEALS by plaintiffs and defendant, Ames & Webb, Inc., from *Bone, J.,* at April Term, 1940, of NASH.

Civil actions to recover damages (1) for an alleged wrongful death, and (2) for alleged negligent injuries, consolidated and tried together, without objection, as the two actions arise out of the same wreck. *Hewitt v. Urich,* 210 N. C., 835, 187 S. E., 759.

1. *The Action for Wrongful Death (Gold case).* This is the same case that was here on plaintiff's appeal from a judgment of nonsuit, reported in 216 N. C., 511, 5 S. E. (2d), 548, where the facts are fully set out. The nonsuit was reversed and the cause remanded for further hearing. Reference to the previous report of the case will suffice for statement of the principal facts, as they are substantially the same on the present record.

2. *The Action for Personal Injuries (Walker case).* I. D. Walker was the driver of the truck and sustained serious and permanent injuries

when it ran into, or "sideswiped," the bridge abutment three miles south of Whitakers on paved Highway No. 301 on the night of 19 May, 1938.

The two actions having been consolidated were tried upon the same evidence and the same state of facts. Reference to previous report of the *Gold case* will disclose the entire factual situation.

The trial was started on Thursday of the first week of the April Term. Both defendants participated in the selection of the jury and in the cross-examination of the first three witnesses offered by the plaintiffs—the third witness being I. D. Walker, plaintiff in the second suit. When the examination of Walker had been completed, counsel for defendant, Ames & Webb, Inc., in the absence of the jury, asked that a mistrial be ordered on the ground that defendant, Kiker & Yount, had evidently reached an understanding with the plaintiffs which was "perfectly apparent" as to the character of their defense "amounts to an invitation to the jury to return a verdict against them."

Upon inquiry, it was disclosed that Kiker & Yount had agreed to pay the plaintiffs $3,500, in full discharge and protection against further liability, which the plaintiffs had agreed to accept "either before or during the trial . . . or after a final settlement with Ames & Webb," upon mutually satisfactory terms, "and that Kiker & Yount (would) participate in the trial for the purpose of resisting any effort of Ames & Webb to place the sole responsibility upon Kiker & Yount."

It further appeared that, before the trial, counsel for Kiker & Yount had notified counsel for Ames & Webb, Inc., they would henceforth "deal in these cases at arms length," because of the latter's avowed purpose to try to place sole responsibility for the wreck upon Kiker & Yount.

Without undertaking to determine the character of the agreement between Kiker & Yount and the plaintiffs—whether release, indemnity, covenant not to sue, or whatnot—as there was no request so to determine or plea requiring it, and after a full investigation, the court announced that it "would decline to allow Kiker & Yount to participate further in the trial."

After some debate as to how the actions should be terminated as against Kiker & Yount—whether by voluntary nonsuit or otherwise—the court ordered "that the action be dismissed as to the defendant, Kiker & Yount."

The motion of Ames & Webb, Inc., for a mistrial was thereupon denied. Exception.

Thereafter, in the presence of the jury, apparently on Saturday, Norman Gold was examined as an adverse witness by counsel for Ames & Webb Inc., in respect of the "contemplated settlement" or understanding between the plaintiff and Kiker & Yount.

Later, apparently on Monday of the following week, the plaintiffs, over objection of defendant, were allowed to offer in evidence the substance of their agreement with Kiker & Yount. Exception. In the charge, the court instructed the jury that the "compromise" with Kiker & Yount should have no bearing upon the liability of Ames & Webb, Inc., and could only be considered and allowed as a credit upon any damages awarded, in the event they should reach these issues in the two cases.

The plaintiffs recovered in both cases, the damages in the wrongful death action being fixed at $10,000, and in the personal injury action at $8,000.

From judgments on the verdicts, the defendant, Ames & Webb, Inc., appeals, assigning errors.

*Norman Gold and Thorp & Thorp for plaintiffs, appellants and appellees.*
*Thos. W. Ruffin for defendant, appellant.*

STACY, C. J. (after stating the facts as above): Two serious questions are posed by the record:

First. Was it error to refuse the defendant's motion for a mistrial? The answer to this question is not altogether free from difficulty, albeit the reasons assigned by the defendant for its request were perhaps untenable. Was not the real reason for ordering a dismissal of the action as against Kiker & Yount the probable harm that might otherwise come to Ames & Webb, Inc.? And if it were hurtful for them to remain in the case, notwithstanding their agreement to do so, had not the harm already been done? *S. v. Rogers,* 173 N. C., 755, 91 S. E., 854, L. R. A., 1917 E, 1857. It may be conceded the record is such as to leave the matter in doubt. This alone would seem to defeat the assignment of error on appeal, as the party alleging error has the laboring oar and must overcome the presumption against him. *Cole v. R. R.,* 211 N. C., 591, 191 S. E., 353. But in addition, it appears that the defendant elected to place the circumstances before the jury and was allowed to take credit for the amount Kiker & Yount had agreed to pay the plaintiffs. The jury was instructed to disregard the "compromise" agreement in determining the liability of Ames & Webb, Inc., and to consider it only for purposes of credit in case they came to the award of damages. Did not this cure any previous objection or render it harmless? *Hyatt v. McCoy,* 194 N. C., 760, 140 S. E., 807. The record also reveals that the motion was addressed primarily to the court's discretion, and for reasons regarded by the court as inconclusive. Discretionary rulings of the trial court are not ordinarily considered on appeal, unless accompanied by some imputed error of law or legal inference. *Cole v. R. R., supra; S. v. Lea,* 203 N. C., 316, 166 S. E., 292.

GOLD *v.* KIKER.

The trial court was confronted with an unusual situation. We cannot say there was error in the way it was handled or that prejudice necessarily resulted therefrom. The "compromise" was not with the defendant and the plaintiff but with the plaintiff and a third party. The defendant's liability alone was at issue upon the trial. How could the defendant complain even if Kiker & Yount had admitted their liability on the hearing? This would not have established any liability against Ames & Webb, Inc. The defendants were dealing with each other "at arm's length." The suggestion that some disadvantage may have come to the defendant from what took place is wanting in sufficiency to work a new trial. *McNinch v. Trust Co.,* 183 N. C., 33, 110 S. E., 113. Verdicts and judgments are not to be disturbed except upon a showing of prejudicial error, *i.e.,* error which amounts to the denial of some substantial right. *Combs v. Paul,* 200 N. C., 382, 157 S. E., 12; *Wilson v. Lumber Co.,* 186 N. C., 56, 118 S. E., 797; *In re Ross,* 182 N. C., 477, 109 S. E., 365; *Brewer v. Ring,* 177 N. C., 476, 99 S. E., 358. Moreover, supposing a new trial were granted and the same situation should arise again, what would the trial court do about it? *Lane v. Paschall,* 199 N. C., 364, 154 S. E., 626. It is not contended that the actions should be dismissed *ex mero motu.* The court was only asked to declare a mistrial. The conclusion is reached that the exception must be overruled. See *Goodman v. Goodman,* 201 N. C., 808, 161 S. E., 686, and cases there cited.

Second. Was it error to overrule the defendant's motion for judgment of nonsuit in the *Walker case* on the ground of plaintiff's contributory negligence? This must be answered in the negative. It is true, the plaintiff's testimony-in-chief was weakened somewhat by his cross-examination, but on the whole it would seem the issue was one for the twelve. The ruling is supported by what was said on the former appeal in the *Gold case,* and the following cases are also in point: *Ferguson v. Asheville,* 213 N. C., 569, 197 S. E., 146; *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601.

It is readily conceded that the plaintiff's negligence, in order to bar a recovery in an action like the present, need not be the sole proximate cause of the injury, for this would exclude any idea of negligence on the part of defendant. *Absher v. Raleigh,* 211 N. C., 567, 190 S. E., 897. It is enough if it contribute to the injury. *Wright v. Grocery Co.,* 210 N. C., 462, 187 S. E., 564; *Construction Co. v. R. R.,* 184 N. C., 179, 113 S. E., 672. The very term "contributory negligence" *ex vi termini* implies or presupposes negligence on the part of the defendant. *Fulcher v. Lumber Co.,* 191 N. C., 408, 132 S. E., 9. The testimony of Walker, if not wholly consistent, is sufficiently equivocal on the issue of his contributory negligence to require its submission to the jury. *Moseley v. R. R.,* 197 N. C., 628, 150 S. E., 184.

Speaking to the duty of both defendants on the former appeal in the *Gold case,* it was said: "The contractual obligations assumed by each of the defendants as reflected in the provisions quoted in the above statement of the case provide evidence of legal duty which the defendants, and each of them, owed to plaintiff's intestate, and others traveling the highway, to exercise ordinary care in providing and maintaining reasonable warnings of and safeguards against conditions existent at the time and place in question—a duty which originated upon the award of the contract and continued until the final acceptance of the work by the State Highway and Public Works Commission."

The plaintiffs were taxed with one-half the costs which accrued prior to the dismissal of the actions as against Kiker & Yount, and from this they appeal. In the light of the record it would seem that the ruling is authorized by C. S., 1242.

It results, therefore, that the judgments should be upheld. This will be done.

No error.

CLARKSON and SCHENCK, JJ., dissent on first question only.

SEAWELL, J., dissents.