STATE v. ED. ISLEY.

(Filed 29 April, 1942.)

1. Rape § 3c—Paternity of prosecutrix' child is not in issue in prosecution for carnally knowing female child between ages of 12 and 16.

When prosecutrix testifies that defendant is the father of her child, but upon her own testimony the child could not have been conceived until after her 16th birthday, whether the State is entitled to exhibit the child to the jury in a prosecution of defendant for carnally knowing prosecutrix when

she was between the ages of 12 and 16, even for the purpose of corroborating her testimony as to illicit relations with defendant over a long period of time, or to impeach his denial of ever having had illicit relations with her, *quære.*

**2. Rape § 3e—In prosecution for carnally knowing female between ages of 12 and 16, instruction failing to specify maximum age is error.**

In a prosecution for carnally knowing a female child over the age of 12 and under the age of 16, an instruction specifying the minimum age of 12, but inadvertently failing to specify the maximum age of 16, must be held for reversible error, especially when the State's evidence tends to show a continuance of the illicit relations after prosecutrix passed her 16th birthday, notwithstanding that in other portions of the charge explaining the abstract law, the court gives correct instructions on this aspect of the case.

**3. Criminal Law § 81c—**

An erroneous instruction upon a material aspect of the case is not cured by the fact that in other portions of the charge the law is correctly stated.

APPEAL by defendant from *Armstrong, J.,* at December Term, 1941, of ROCKINGHAM.   New trial.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Sharp & Sharp for defendant, appellant.*

SEAWELL, J.   The defendant was indicted and convicted upon a charge of carnally knowing and abusing Mary Lee Lucas, a female child over the age of twelve and under the age of sixteen.

Upon the trial of this case the State was permitted, over the objection of the defendant, to exhibit to the jury the child of the prosecuting witness, of which she had testified the defendant was the father. Whether this was competent in a case of this kind, and upon the evidence before the court, may be seriously questioned.   In our jurisdiction, as in most others, it is competent in bastardy cases where the issue is paternity, but that is not the issue here.   The prosecuting witness detailed a story of illicit intercourse lasting through a considerable period.   Under her testimony the child could not have been conceived until after she had become sixteen years of age.   The State contends that it is at least corroborative of the fact of illicit relations, which is, in turn, corroborative of the prosecuting witness as to earlier relations, and that it also impeaches the defendant, who denied any such relations at any time; and that it therefore cannot be excluded under a general objection.   *S. v. Corriher,* 196 N. C., 397, 145 S. E., 773; *S. v. Hawkins,* 214 N. C., 326, 199 S. E., 284.   It is questionable whether it is corroborative at all of the prior act of carnal knowledge upon which conviction depends, or

whether such contradiction of defendant as it might afford is not merely collateral. It is retrospective, the connection is remote, the probative value at least none too apparent, and the danger to an unbiased consideration of the case appreciable. But, as the incident may not recur on a new trial, we refrain from passing upon it at this time.

In discharging the duties resting upon him under C. S., 564, the able presiding judge inadvertently instructed the jury as follows: "So, the Court instructs you, Gentlemen of the Jury, that if the State of North Carolina has satisfied you from evidence and beyond a reasonable doubt that on or about the 1st day of October, 1939, that the defendant, Ed. Isley, had sexual intercourse with the prosecuting witness, Mary Lee Lucas, as the Court has defined sexual intercourse to be, and further find from the evidence and beyond a reasonable doubt that at the time the defendant had sexual intercourse with her, if you do find beyond a reasonable doubt that he had sexual intercourse with her, that she was over 12 years of age, and further find from the evidence and beyond a reasonable doubt that at the time she had sexual intercourse with the defendant, if you find from the evidence and beyond a reasonable doubt that he had sexual intercourse with her, that she had never before had sexual intercourse with any other person, then he would be guilty as charged in this bill of indictment, and it would be your duty to return a verdict of guilty."

This, taken literally and applied to the evidence, would be tantamount to an instruction to convict, since it omitted reference to the maximum age limit, and there was no doubt that the female, subject of the instruction, was over twelve. It is true the judge correctly stated the law elsewhere in explaining the statute, and that there may be some doubt whether the obviously inadvertent statement was, in a practical sense, prejudicial.

The Attorney-General argues that, taking the charge contextually, there is no prejudicial error, since the jury was properly instructed on this point elsewhere. *In re Ross,* 182 N. C., 477, 109 S. E., 365; *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657; *S. v. Williams,* 219 N. C., 365, 13 S. E. (2d), 617; *S. v. Johnson,* 219 N. C., 757, 14 S. E. (2d), 792.

On the other hand, the defendant expresses a doubt as to the ability of the jury to retain and collate everything the judge has said. It is pointed out, also, that the instruction bearing upon the statute, correctly stating the maximum age—sixteen years—beyond which conviction could not be had, was more or less abstract, while that given near the close of the charge, in which that essential element of the crime was omitted, was more concretely directed to the evidence and the verdict the jury might render upon it, and was more likely to be heeded. An erroneous instruction is not cured by the fact that the law is correctly charged

elsewhere. *S. v. Morgan,* 136 N. C., 628, 48 S. E., 670; *Patterson v. Nichols,* 157 N. C., 406, 73 S. E., 202; *Grocery Co. v. Taylor,* 162 N. C., 307, 78 S. E., 276.

Considering the importance of the case and the impossibility of determining on which of the instructions the jury acted, we believe the ends of justice require that defendant have a new trial. It is so ordered.

New trial.