SEAWELL, J., concurring in result.
This was an action by the beneficiary in a life insurance certificate issued by defendant 3 February, 1941, on the life of Thomas J. Gregory, now deceased. The certificate was issued under a group insurance policy covering the employees of Johnston Manufacturing Company. According to the terms of the certificate it was agreed that the insurance should terminate when the insured's employment with the employer should terminate. However, it was provided "that in a case, where at the time of the termination of employment the employee shall be insured and shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit the insurance will remain in force as to such employee during the continuance of such disability."
Plaintiff's evidence tended to show that the insured became ill with ulcerated colitis in the spring of 1941; that 12 June, 1941, he left the employment of Johnston Manufacturing Company because of his inability to work, due to disease, and that he died 26 August, 1941; that prior to his leaving Johnston Manufacturing Company's employ he complained of pains in his stomach and had sick and fainting spells, and was unable to work regularly. It also appeared from plaintiff's evidence that "after he quit the Johnston Mills he worked for a short time at Hoskins Mill." "After he quit the Johnston Mills Company, he worked at Hoskins. He also worked at the Louise Mill for a few days." Another witness testified that up to the time he died he was employed at the Hoskins Cotton Mills, and worked there five or six weeks; that he was "pale, weakly-looking," and underweight. "I was doing the same kind of work in the same department or division that he was in. He ran his job very well I imagine, but I wasn't where he was; I was at the other end. I have helped him in his job."
The defendant offered evidence, supported by pay roll sheets, tending to show that the insured went to work in the Louise Mill 24 June, and worked regularly eight hours per day up to 15 July, and on 17 July began work at the Hoskins Mill and worked regularly there (forty hours per week) until 20 August, when he quit. All the places where insured was employed were textile mills, and his work was that of "doffer."
At the close of all the evidence defendant's motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.
Under the terms of the insurance contract sued on the insurance on the life of Thomas J. Gregory ceased when his employment *Page 126 
by the Johnston Manufacturing Company, the employer named in the group policy, terminated. However, it was provided in the certificate of insurance that if at the time of the termination of his employment, while insured, he was "wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit," the insurance would remain in force.
The question presented by the appeal is whether the evidence offered by the plaintiff is sufficient to bring her case within the proviso contained in the certificate of insurance. It is admitted that the insured left the employment of the Johnston Company while the insurance was still in force, 12 June, 1941. Was he at that time "wholly disabled" and prevented by disease "from engaging in any occupation or employment for wage or profit?" From an examination of the testimony appearing in the record we are constrained to concur in the ruling below that the evidence was insufficient to support the plaintiff's case as to this essential element. While there is evidence tending to show that the insured was afflicted with a disease which finally proved fatal, and that at the time he left the employment of the Johnston Company he was unable to work by reason of disease, it does appear affirmatively from the plaintiff's evidence that as a matter of fact he did work five or six weeks with reasonable continuity at two other mills, after he left the employment of Johnston Manufacturing Company, performing the substantial duties of the same occupation. Thigpenv. Ins. Co., 204 N.C. 551, 168 S.E. 845. Thus, the plaintiff has failed to show that he was prevented by disease from engaging in employment for wage or profit. His regular employment in two other cotton mills as a doffer for five or six weeks may not be regarded merely as an occasional or casual employment. It indicated something more than the intermittent and futile attempts to work on the part of a sick man who is "wholly disabled."Medlin v. Ins. Co., 220 N.C. 334, 17 S.E.2d 463; Jenkins v. Ins.Co., 222 N.C. 83; Ford v. Ins. Co., 222 N.C. 154. There was no evidence that he had to work at a reduced wage, or at a different occupation, or for shorter hours, or was ever discharged for inability to perform the duties of his job. Bulluck v. Ins. Co., 200 N.C. 642, 158 S.E. 185; Edwards v.Junior Order, 220 N.C. 41, 16 S.E.2d 466; Blankenship v. AssuranceSociety, 210 N.C. 471, 187 S.E. 590; 98 A.L.R., 478.
While the defendant offered evidence supported by pay roll records tending to show that after his employment by the Johnston Company terminated the insured worked approximately forty hours per week for eight weeks, defendant's evidence could not be considered on the motion for nonsuit, except in so far as it tended to clarify or explain the evidence of the plaintiff. S. v. Fulcher, 184 N.C. 663, 113 S.E. 769. The *Page 127 
rule for the consideration of defendant's evidence on a motion for nonsuit was stated by Stacy, C. J., in Harrison v. R. R., 194 N.C. 656,140 S.E. 598, as follows: "In considering the last motion (for nonsuit), the defendant's evidence, unless favorable to the plaintiff, is not to be taken into consideration, except when not in conflict with plaintiff's evidence, it may be used to explain or make clear that which has been offered by the plaintiff." This statement of the rule was quoted with approval in Crawfordv. Crawford, 214 N.C. 614, 200 S.E. 421; Funeral Home v. Ins. Co.,216 N.C. 562, 5 S.E.2d 820; Jeffries v. Powell, 221 N.C. 415,20 S.E.2d 561; Tarrant v. Bottling Co., 221 N.C. 390, 20 S.E.2d 565. See also Godwin v. R. R., 220 N.C. 281, 17 S.E.2d 137. In Sellars v.Bank, 214 N.C. 300, 199 S.E. 266, it was said that the defendant's evidence which did not tend to contradict or impeach the evidence of the plaintiff, but "only served to amplify and explain the same," could be considered on the motion to nonsuit. The use of the word amplify in this case may not be understood as indicating a tendency to expand the rule laid down in the Harrison case, supra, or to open the door to the consideration, on this motion, of defendant's evidence except only such as serves to explain or make clear that offered by the plaintiff.
However, without considering the defendant's evidence, we think plaintiff's evidence sufficiently tends to show that the deceased was regularly engaged in the same occupation, with reasonable continuity, for a considerable period of time, after he left the service in which he was insured. Thus, after the termination of his employment by the Johnston Company he was unprotected by the saving clause in the certificate of insurance, and the casualty of his death under these circumstances was not within the coverage of the insurance. Unfortunately for the beneficiary, this prevented recovery on the insurance certificate, but we must hold the parties bound by the express terms of the contract into which they have entered.
The judgment of the Superior Court is
Affirmed.