### WILLIE D. MOORE v. WALTER BOONE ET AL.

(Filed 1 March, 1950.)

**1. Automobiles § 18h (3)—**

> Plaintiff's testimony was to the effect that he was following a truck on the highway and was preparing to pass the truck when it suddenly turned to its left, so that plaintiff hit the rear of the truck. Plaintiff further testified that he was still in his right-hand lane when the impact occurred, and that he did not see any signal or lights on the truck showing that the driver intended to turn. *Held:* Plaintiff's evidence discloses contributory negligence barring his recovery as a matter of law.

**2. Negligence § 11—**

> Plaintiff's negligence need not be the sole proximate cause of injury in order to bar recovery, it being sufficient for this purpose if it contributes to the injury as a proximate cause or one of them.

APPEAL by plaintiff from *Carr, J.,* November Term, 1949, of EDGE-COMBE.

Civil action for personal injuries and damages to plaintiff's automobile, resulting from rear-end collision with defendant's truck, allegedly reduc-

ing its speed on highway in the nighttime without proper signals or lights.

On the night of 4 May, 1949, around 8:00 p.m., plaintiff was driving his 1947 Chevrolet sedan at a speed of about 50 miles an hour on Highway 258 between Rich Square and Scotland Neck, when he saw the defendant's truck in front of him traveling in the same direction at a speed of from 40 to 45 miles per hour.

Plaintiff says: "I had my lights on my car and I could see the truck in front of me and I saw the headlights in front of the truck. I gained on the truck before I overtook it and pulled up behind the truck to about 50 feet of it. I intended to pass it. I reduced my speed and dropped back to get my view to pass the truck. I did not see any signal or lights showing on the truck that the driver intended to do anything except go straight ahead. The weather was good. There was no traffic meeting me in front. The road is straight at this point for some distance both ways. When I dropped back to get my view, I blew my horn and the truck suddenly turned to its left and I hit the rear end.

"By the Court: 'You had pulled to your left to pass? A. No, sir. I was just picking up. Q. You were still on your right side of the center of the road at the time you collided with the truck? A. Yes, sir. I had not pulled over to the left to prepare to pass. It all happened in a moment as I applied my brakes. . . . I did not get out of the right-hand side of the highway before I hit the truck and I made no turn whatsoever to pass before I hit it and I hit it driving around 45 miles per hour and the truck was going about the same speed. . . .

"By Mr. Strickland: 'Q. Could you stop your car at 45 miles per hour within a space of 50 feet? A. Yes, sir.

"By the Court: 'Were you aware that the truck was turning to the left before the collision occurred? A. No, sir, I didn't know it. . . . Q. When you realized the truck had slowed down what did you do then? A. I put on my brakes but I was on it, I hit the back of it. Q. You say you don't remember seeing the truck at that time turning to the left? A. No. At the time I saw it it cut and I was on it then. I don't recall it making a turn, or no signal. Q. I mean before the impact, were you aware that the truck was turning? A. It slowed down suddenly and I was right on it."

The defendant testified that he had reduced his speed to about ten miles an hour for a distance of 75 yards, preparatory to making a left-hand turn and that his signal lights were on when the plaintiff ran into his truck from the rear.

For purposes of the appeal, it is admitted that plaintiff sustained serious and permanent injuries and his automobile was damaged to the extent of $700.

From judgment of nonsuit entered at the close of the evidence, the plaintiff appeals, assigning errors.

*Cameron S. Weeks for plaintiff, appellant.*
*V. D. Strickland for defendants, appellees.*

STACY, C. J. The question for decision is whether the evidence taken in its most favorable light for the plaintiff survives the demurrer. The trial court answered in the negative, and we approve.

It may be doubted whether sufficient evidence of negligence on the part of the defendant was offered on the hearing. However this may be, it clearly appears from the questions propounded by the court that plaintiff was inattentive to his own safety. He was either following defendant's truck more closely than was reasonable and prudent or he was driving at an excessive rate of speed under the conditions then existing. *Tarrant v. Bottling Co.,* 221 N.C. 390, 20 S.E. 2d 565. Such was the conclusion of the trial court, and his judgment is supported by the record. *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355; *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209; *Austin v. Overton,* 222 N.C. 89, 21 S.E. 2d 887; *Tarrant v. Bottling Co., supra.* Note, the plaintiff does not say the truck showed no signal lights indicating a left turn. His statement is, "I did not see any signal or lights showing on the truck that the driver intended to do anything except go straight ahead." *Hollingsworth v. Grier, ante,* 108.

The plaintiff's negligence, to defeat a recovery in an action like the present, need not be the sole proximate cause of the injury. It is enough if it contribute to the injury as a proximate cause, or one of them. *Fawley v. Bobo, ante,* 203; *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251; *Bus Co. v. Products Co.,* 229 N.C. 352, 49 S.E. 2d 623.

The case is controlled by the *Cox, Atkins, Austin,* and *Tarrant* cases above cited. There was no error in sustaining the demurrer to the evidence and dismissing the action as in case of nonsuit. Compare *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793.

Affirmed.