CAROLINA SCENIC STAGES v. J. WESLEY LOWTHER.

(Filed 2 May, 1951.)

**1. Appeal and Error § 39a—**

A judgment will not be disturbed for error which is too attenuate to have affected the outcome of the trial.

**2. Appeal and Error § 29—**

Exceptions not discussed in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**3. Negligence § 11—**

Contributory negligence need not be the sole proximate cause of the injury in order to bar recovery, it being sufficient for this purpose if it be a proximate cause or one of them.

**4. Appeal and Error § 39b—**

Appellant may not complain of error relating to an issue answered in his favor.

**5. Negligence § 20—**

The jury answered the issues of negligence and contributory negligence in the affirmative. *Held:* An instruction that defendant's negligence must be "the proximate cause" of the accident to justify an affirmative finding on the issue of negligence, whereas plaintiff's negligence need be only "one of the proximate causes" thereof to warrant an affirmative finding on the issue of contributory negligence, cannot be held for prejudicial error on plaintiff's appeal, since the charge on the issue of contributory negligence is without error and plaintiff cannot complain of alleged error relating to the issue answered in its favor.

SCENIC STAGES v. LOWTHER.

APPEAL by plaintiff from *Patton, Special Judge,* Extra Civil Term, September, 1950, of MECKLENBURG.

Civil action to recover damages arising from a bus-truck collision in York County, South Carolina.

The record discloses that on 29 November, 1946, the defendant was operating a 1946 Ford truck on Highway No. 21, between Fort Mills and Rock Hill, South Carolina. The plaintiff's bus, traveling in the same direction, was following the defendant's truck, and when they reached the outskirts of Rock Hill, the bus driver attempted to pass the defendant's truck just as the truck driver started to turn left into a side road or drive, and the right front corner of the bus collided with the left side of the truck at the cab.

Each charged the other with negligence and responsibility for the collision, the plaintiff asking damages and the defendant setting up a counterclaim. Both vehicles were damaged.

The jury returned the following verdict:

"1. Was the bus of the plaintiff damaged by reason of the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff by its own negligence contribute to the damages to its bus, as alleged in the answer? Answer: Yes."

From judgment on the verdict denying recovery to both, the plaintiff appeals, assigning errors.

*Covington & Lobdell for plaintiff, appellant.*
*Helms & Mulliss and James B. McMillan for defendant, appellee.*

STACY, C. J. On sharply conflicting evidence, the jury has found both drivers responsible for the collision in suit. Hence, they never reached the issue of damages, either for the plaintiff or for the defendant on his counterclaim. Neither was allowed to recover and the plaintiff was taxed with the costs.

The evidentiary exceptions are not of sufficient moment to require any discussion or elaboration. They are too attenuate to have affected the outcome of the trial. It would be a work of supererogation and repetition to discuss them *seriatim.* Indeed, they seem to have been abandoned as they are not discussed in plaintiff's brief.

The plaintiff also objected and excepted to the submission of the issue of contributory negligence, but as this exception is not discussed on brief, it is regarded as feckless and deemed abandoned. *Weaver v. Morgan,* 232 N.C. 642, 61 S.E. 2d 916; Rule 28, 221 N.C. 562.

The exceptions to the charge are likewise too unsubstantial to require any extended discussion. The first discussed on brief and regarded as the most important perhaps will suffice to show their attenuateness: The

jury was told the defendant's negligence must be "the proximate cause" of the collision to warrant the jury in answering the first issue for the plaintiff; whereas, the plaintiff's negligence need be only "one of the proximate causes" to justify an affirmative answer to the second issue, *i.e.,* the issue of contributory negligence. The difference in these instructions on the two issues submitted is now urged as constituting reversible error.

The plaintiff is in no position to take advantage of any error committed on the first issue as this issue was answered in its favor. *DeWeese v. Belk's Department Store, ante,* 281, 63 S.E. 2d 538. So we pass to the instruction on the second issue. We have consistently held that in actions like the present the plaintiff's contributory negligence, in order to bar recovery, need not be the sole proximate cause of the injury as this would exclude any idea of negligence on the part of the defendant. *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137; *Absher v. Raleigh,* 211 N.C. 567, 190 S.E. 897. It is enough if it contributes to the injury as a proximate cause, or one of them. *McKinnon v. Motor Lines,* 228 N.C. 132, 44 S.E. 2d 735; *Wright v. Grocery Co.,* 210 N.C. 462, 187 S.E. 564. The very term "contributory negligence" *ex vi termini* implies or presupposes negligence on the part of the defendant. *Gold v. Kiker,* 218 N.C. 204, 10 S.E. 2d 650; *Fulcher v. Lumber Co.,* 191 N.C. 408, 132 S.E. 9. The plaintiff is barred from recovery, in an action like the present, when his negligence concurs and co-operates with the negligence of the defendant in proximately producing the injury. *Gordon v. Sprott,* 231 N.C. 472, 57 S.E. 2d 785; *Moore v. Boone,* 231 N.C. 494, 57 S.E. 2d 783. The exception to the instruction on the second issue is without merit and is not sustained. Nor is there any contradiction or confusion in the instructions on the two issues. But even if there were, the plaintiff could complain only of erroneous instructions hurtful to it. *Mott v. Tel. Co.,* 142 N.C. 532, 55 S.E. 363.

The remaining exceptions to the charge, 18 in number, are of similar criticisms to sentences or expressions which may be readily upheld as correct or nonprejudicial under the rule of contextual construction.

On the record as presented, no error has been discovered which would seem to call for a disturbance of the result below. The verdict and judgment will be upheld.

No error.