MRS. KIZZIE BAREFOOT GODWIN v. JOHNSON COTTON COMPANY.

(Filed 25 November, 1953.)

**1. Trial § 22a—**

On motion to nonsuit, plaintiff's evidence is to be considered in the light most favorable to her and she is entitled to every reasonable inference to be drawn therefrom.

**2. Trial § 22b—**

On motion to nonsuit, defendant's evidence which is favorable to plaintiff or which clarifies or explains plaintiff's evidence, will be considered.

**3. Automobiles §§ 8i, 18h (2)—**

The evidence favorable to plaintiff tended to show that she entered an intersection within a municipality at eight or ten miles an hour, that she saw a truck approaching the intersection from her right, but that since the truck was some 200 feet away at the time, she proceeded into the intersection, and that the truck, traveling at excessive speed, struck her right door after she had passed the center of the intersection. *Held:* Defendant's motion to nonsuit was properly denied.

**4. Automobiles § 18i: Negligence § 20—**

An instruction to the effect that contributory negligence is some act or omission of the plaintiff which constitutes the proximate cause of the injury, rather than a proximate cause or one of the proximate causes, must be held for prejudicial error.

**5. Appeal and Error § 39f—**

An erroneous instruction upon a material aspect of the case is not cured by the fact that in other portions of the charge the law is correctly stated, since it cannot be determined that the jury was not influenced by the portion of the charge which is incorrect.

JOHNSON, J., dissenting.
DEVIN, C. J., concurs in dissent.

APPEAL by defendant from *Burgwyn, Special Judge,* June Term, 1953, of HARNETT.

Civil action to recover for personal injuries resulting from a collision between an automobile and a truck in a street intersection, due to the alleged negligence of the defendant.

The collision occurred about 10:00 a.m., on 27 September, 1952, at the intersection of East Pope Street and South Wilson Avenue in the Town of Dunn. There was no sign on either street to indicate the priority of traffic.

The plaintiff testified that she was operating a 1951 Tudor Chevrolet car in a westerly direction along East Pope Street and as she approached the intersection of said street with South Wilson Avenue, she was traveling at a speed of eight to ten miles an hour; that "she looked both ways

and saw a truck approaching the intersection from her right, about one-half block, or more, from the intersection . . . I saw the truck and knew I could make it, so I put the car in second gear and went on across the street—after I entered the intersection it looked like the truck speeded up." That when she saw the truck was going to hit her she tried to pull the Chevrolet automobile over (to the left) ; that the truck was traveling at a speed of twenty-five to thirty miles per hour when it struck the right door of the Chevrolet car. On cross-examination the plaintiff testified that when she drove up to the intersection the truck was about 200 feet from the intersection; that she was about four feet from the intersection when she first saw the truck; that she did not stop when she saw the truck but put her car in second gear and entered the intersection.

Lutrelle Williams, a witness for the plaintiff, testified: "I saw the car of Mrs. Godwin as it approached the intersection, I was about one-half block away when I first saw the car, and at the same time I saw the truck. At the time Mrs. Godwin's car approached the intersection the truck was between 175 and 200 feet from it. At the time Mrs. Godwin approached the intersection she was going from 5 to 8 miles an hour, and almost came to a complete stop about 4 feet from the intersection, and this truck come by where I was standing; it was kindly downhill, and he was going between 40 and 45 miles an hour, and she went on across, and when she got about half way across it looked like she speeded up a little, and the truck, when he got about 50 feet from her, he hit his brakes, and it just looked like he pulled right into her, and hit her and knocked her against a pole."

Vergie Goodman Norris, a witness for the defendant, testified that she was walking south on the west sidewalk of South Wilson Avenue, and was near the intersection of East Pope Street and South Wilson Avenue when the collision occurred. That she saw the plaintiff driving on East Pope Street, west, and saw that she would have to stop for the plaintiff to pass; that the truck coming from her back passed her when she was about fifteen feet from the intersection; that she heard the truck putting on brakes and slowing down; that the truck and the Chevrolet were both going between thirty-five and forty miles per hour. On cross-examination, this witness testified that she did not see the truck until it passed her, when she was about fifteen feet from the intersection; that the car was coming across Wilson Avenue when the truck passed her; that "in her opinion the car entered the intersection before the truck got there." Other evidence of the defendant is to the effect that the two vehicles entered the intersection at approximately the same time.

The evidence tends to show that the truck ran into the Chevrolet car when it was about the center of East Pope Street and west of the center of the intersection.

The jury answered the issues of negligence and contributory negligence in favor of the plaintiff and fixed her damages in a substantial sum. Judgment on the verdict was accordingly entered. The defendant appeals, assigning error.

*J. R. Barefoot and Doffermyre & Stewart for appellee.*
*Salmon & Hooper and I. R. Williams for appellant.*

DENNY, J.   The defendant assigns as error the refusal of the court below to sustain its motion for judgment of nonsuit.

The plaintiff, as in all cases where a motion for judgment of nonsuit is interposed, is entitled to have her evidence considered in the light most favorable to her and to the benefit of every reasonable inference to be drawn therefrom. *Edwards v. Vaughn, ante,* 89, 76 S.E. 2d 359; *Morrisette v. Boone Co.,* 235 N.C. 162, 69 S.E. 2d 239; *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307. Moreover, on such a motion, evidence offered by the defendant which is favorable to the plaintiff, or which may be used to clarify or explain the plaintiff's evidence, will be considered. *Ervin v. Mills Co.,* 233 N.C. 415, 64 S.E. 2d 431; *Gregory v. Insurance Co.,* 223 N.C. 124, 25 S.E. 2d 398, 147 A.L.R. 283; *Harrison v. R. R.,* 194 N.C. 656, 140 S.E. 598.

A careful consideration of the evidence presented in the trial below, when considered in the light most favorable to the plaintiff, leads to the conclusion that it was sufficient to warrant its submission to the jury. Consequently, the motion for judgment of nonsuit was properly denied.

The defendant's exception No. 7 is to the following portion of the charge to the jury: "Contributory negligence is such act or omission on the part of the plaintiff amounting to a want of ordinary care, concurring and cooperating with some act or omission on the part of the defendant as makes the act or omission of the plaintiff the proximate cause or occasion of the injury complained of. Proximate cause means the direct cause that produces the result without any cause supervening to bring about the injury. Negligence of the plaintiff and its proximate cause must concur and be proven by the defendant, by the greater weight of the evidence."

Prior to giving the above instruction to which the defendant excepts, the court gave a correct charge on contributory negligence. Later, however, it instructed the jury on the issue of contributory negligence as follows: ". . . if you find the truck driver was negligent, and that his negligence was the proximate cause of the injuries to Mrs. Godwin, and then you further find that she was negligent, and that her negligence combined and concurred with his negligence, and was the proximate cause of her injury, then you would answer the second issue YES."

It is clear that if the negligence of the defendant was the proximate cause of the plaintiff's injuries, and not merely a proximate cause or one of the proximate causes thereof, then the negligence of the plaintiff, if any, would not constitute contributory negligence. *Construction Co. v. R. R.,* 184 N.C. 179, 113 S.E. 672. On the other hand, if the negligence of the plaintiff was the proximate cause of her injuries, the idea of negligence on the part of the defendant would be excluded. *Godwin v. R. R.,* 220 N.C. 281, 17 S.E. 2d 137; *Absher v. Raleigh,* 211 N.C. 567, 190 S.E. 897; *Wright v. Grocery Co.,* 210 N.C. 462, 187 S.E. 564; *Newman v. Coach Co.,* 205 N.C. 26, 169 S.E. 808; *Lunsford v. Manufacturing Co.,* 196 N.C. 510, 146 S.E. 129.

In the case of *Scenic Stages v. Lowther,* 233 N.C. 555, 64 S.E. 2d 846, *Stacy, C. J.,* said: "We have consistently held that in actions like the present the plaintiff's contributory negligence, in order to bar recovery, need not be the sole proximate cause of the injury as this would exclude any idea of negligence on the part of the defendant. . . . It is enough if it contribute to the injury as a proximate cause, or one of them. . . . The very term 'contributory negligence' *ex vi termini* implies or presupposes negligence on the part of the defendant. . . . The plaintiff is barred from recovery, in an action like the present, when his negligence concurs and cooperates with the negligence of the defendant in proximately producing the injury. *Gordon v. Sprott,* 231 N.C. 472, 57 S.E. 2d 785; *Moore v. Boone,* 231 N.C. 494, 57 S.E. 2d 783."

In *Wright v. Grocery Co., supra, Devin, J.* (now *Chief Justice*), said: "The plaintiff's negligence need not have been the sole proximate cause of the injury. If his negligence was one of the proximate causes, the plaintiff would not be entitled to recover. To charge the jury that the burden was on the defendant to show that the plaintiff's negligence was the proximate cause of the injury would exclude the idea of the concurring negligence of both plaintiff and defendant proximately contributing to the injury."

The instruction complained of would seem to be susceptible to only one interpretation—that is, that before the jury could find the plaintiff guilty of contributory negligence, it would be necessary for it to find that the plaintiff's negligence was the proximate cause of her injury. Naturally, if the jury in arriving at its answer to the second issue considered this instruction, rather than that previously given thereon, it may have been influenced in arriving at such answer to the prejudice of the defendant. Moreover, an erroneous instruction upon a material aspect of the case is not cured by the fact that in other portions of the charge the law is correctly stated. *S. v. Ellerbe,* 223 N.C. 770, 28 S.E. 2d 519; *S. v. Isley,* 221 N.C. 213, 19 S.E. 2d 875; *S. v. Floyd,* 220 N.C. 530, 17 S.E. 2d 658; *S. v. Starnes,* 220 N.C. 384, 17 S.E. 2d 346.

In *S. v. Floyd, supra,* in passing upon a question similar to that now under consideration, *Winborne, J.,* said: "We must assume in such case, in passing upon appropriate exception, that the jury, in coming to a verdict, was influenced by that portion of the charge which is incorrect."

Therefore, the defendant is entitled to a new trial, and it is so ordered.

New trial.

JOHNSON, J., dissenting: It may be conceded that there is technical inexactness in Judge Burgwyn's instruction that "contributory negligence is such act or omission on the part of the plaintiff amounting to a want of ordinary care, concurring and cooperating with some act or omission on the part of the defendant as makes the act or omission of the plaintiff *the* proximate cause . . . of the injury . . ." (Italics added.) The approved formula is: "a proximate cause" or "one of the proximate causes," rather than "the proximate cause."

However, it is not believed that this could have misled the jury or prejudiced the defendant in view of Judge Burgwyn's clear explanation of concurrent negligence as an essential element of contributory negligence, repeatedly emphasized throughout the charge.

This was a factually simple case, fully developed by the parties and clearly presented to the jury by Judge Burgwyn in all substantive phases. An examination of the charge as a whole leaves the impression that the jury understood fully the controlling principles of law and were not misled by the inexact expression relied on by the defendant. In order to be entitled to a new trial, the defendant has the burden of establishing not only that error was committed, but that such error was material and prejudicial, since verdicts and judgments are not to be set aside for mere error and no more. *Simmons v. Highway Commission, ante,* 532; *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342; *Wilson v. Lumber Co.,* 186 N.C. 56, 118 S.E. 797.

I am constrained to the view that the verdict and judgment below should be upheld.

DEVIN, C. J., concurs in dissent.