MRS. C. G. GARRENTON AND FARM BUREAU MUTUAL AUTOMOBILE
    INSURANCE COMPANY v. WILLIE C. MARYLAND.

(Filed 29 February, 1956.)

**1. Negligence § 11—**

Contributory negligence on the part of plaintiff presupposes negligence
on the part of defendant, and bars recovery if it concurs with defendant's
negligence in proximately causing the injury.

**2. Negligence § 20—**

An instruction on the issue of contributory negligence to the effect that
if plaintiff were guilty of contributory negligence which was the proximate
cause of the accident, the issue should be answered in the affirmative, must
be *held* for error as excluding the question of concurring proximate cause.

PARKER, J., dissents.

JOHNSON, J., dissenting.

APPEAL by defendant from *Bundy, J.,* September Term, 1955, PITT.
New trial.

Civil action to recover damages allegedly caused by the negligence
of the defendant in which the defendant pleads contributory negligence
on the part of plaintiff's husband, who was operating her automobile
at the time.

On 6 November 1953, at about 7:30 p.m., it was very dark. Rain
and snow were falling, and the pavement of U. S. Highway 64 between
Rocky Mount and Nashville was wet with snow and rain. A motorist
who was traveling in a westerly direction on U. S. Highway 64 for some
cause ran his vehicle into the road ditch. The left rear corner of his
vehicle extended eight to ten inches on the pavement which was twenty
feet wide. A patrolman was present to lend him assistance, and a
wrecker had been called and was present. The automobile in the ditch
and the automobile of the patrolman were on the north side of the road,
headed toward Nashville, and the wrecker was on the opposite side of
the road, headed toward Rocky Mount. The defendant, traveling in a
western direction toward Nashville and at a rate of speed variously
estimated at from 35 to 65 m.p.h., approached the scene and cut his
vehicle to the left so that he straddled the center line with about half of
his automobile on its left-hand side. When he had passed the parked
vehicles some 50 to 100 feet, he met the automobile being operated by
plaintiff's husband who, to avoid a collision with defendant's automobile,
cut his vehicle sharply to the right and on the shoulder of the road.
The two vehicles did not collide. After they passed, Dr. Garrenton
cut his vehicle sharply to the left to get back on the pavement, and it
went into a skid, struck the left rear portion of the wrecker and side-

swiped the same.  He was traveling at from 40 to 55 m.p.h.  The *feme* plaintiff was thrown out of the vehicle.  The patrolman gave chase to defendant and caught up with and stopped him about two miles from the scene of the accident after defendant had turned off on a dirt road. Defendant then stated he was traveling 50 or 55 m.p.h.

In his original answer the defendant denies that he was guilty of any negligence and alleges that the collision between the Garrenton automobile and the wrecker "resulted and arose solely and exclusively from" the negligence of Dr. Garrenton.  In an amended answer he pleads contributory negligence on the part of the operator of the Garrenton automobile.

Issues of negligence, contributory negligence, and damages were submitted to the jury, and the jury answered the issue of negligence in the affirmative, the issue of contributory negligence in the negative, and assessed damages.  From a judgment on the verdict, defendant excepted and appealed.

*Richard Powell and Taylor & Mitchell for defendant appellant.*
*No counsel contra.*

BARNHILL, C. J.  The court in its charge on the second issue instructed the jury as follows:

"The court charges you upon this issue that if the defendant has satisfied you from the evidence and by the greater weight of the evidence that each of the following two essential elements existed with respect to plaintiff's alleged damages, namely:  First, that at the time and place in question plaintiff was guilty of negligence in the operation of her automobile, as has been explained to you; and, secondly, that such negligence on the part of the plaintiff was the proximate cause of the collision and of plaintiff's alleged damage, then you will answer the second issue yes.

"On the contrary, if defendant has failed to satisfy you by the greater weight of the evidence then you will answer the second issue no."

To this instruction the defendant duly excepts.  The exception must be sustained.

Contributory negligence on the part of the plaintiff presupposes negligence on the part of the defendant, and the jury does not reach the second issue until and unless it has answered the first issue of negligence in the affirmative.

"The plaintiff's negligence need not be the sole proximate cause of the injury to bar recovery, for 'contributory negligence,' *ex vi termini*, signifies contribution rather than independent or sole proximate cause. . . . It is enough if it contribute to the injury as a proximate cause, or

one of them. . . . The plaintiff may not recover in an action like the present, when his negligence concurs with the negligence of the defendant in proximately producing the result." *Noah v. Ry. Co.*, 229 N.C. 176, 47 S.E. 2d 844, and cases cited; *Austin v. Overton*, 222 N.C. 89, 21 S.E. 2d 887; *Godwin v. Cotton Co.*, 238 N.C. 627, 78 S.E. 2d 772; *McKinnon v. Motor Lines*, 228 N.C. 132, 44 S.E. 2d 735. There are numerous other cases to like effect which we need not here cite.

The indicated error in the charge on contributory negligence entitles the defendant to a new trial. The questions raised by the other exceptive assignments of error may not again arise on the retrial. Hence we refrain from any discussion thereof.

New trial.

PARKER, J., dissents.

JOHNSON, J., dissenting: The error for which this case is being sent back for retrial is essentially the same as was committed in *Godwin v. Cotton Co.*, 238 N.C. 627. My feeling here, as in that case, is that the error is not of sufficient moment to require retrial. Therefore, for the reasons assigned in my dissent in the *Godwin case,* I am constrained to disagree with the result reached here.