RALPH H. FLEMING, JR. v. GEORGE R. DRYE and JAMES
CLIFFORD DRYE.

(Filed 14 December, 1960.)

**1. Automobiles § 46—**

When neither the allegations of the complaint nor plaintiff's evidence adduced facts which would constitute reckless driving on the part of defendant, the court correctly refrains from charging the jury thereon, notwithstanding that the complaint states the conclusion that defendant was guilty of reckless driving.

**2. Same—**

Where the complaint does not allege that defendant failed to give the statutory signal before making a left turn at an intersection and there is no contradiction in the evidence that defendant did in fact give the statutory signal, the court is not required to instruct the jury in regard thereto.

**3. Automobiles §§ 8, 17—**

G.S. 20-154(a) and G.S. 20-155(b) prescribe the respective rights and duties of two motorists approaching an intersection from opposite directions along the same highway when one of them intends to turn left at the intersection, and G.S. 20-155(a) has no application.

**4. Appeal and Error § 45—**

Where erroneous instructions are directed to an issue not reached or answered by the jury and to an issue answered in favor of appellant, the error cannot be held prejudicial to appellant.

**5. Appeal and Error § 39—**

The burden is upon appellant not only to show error, but also to show that the alleged error was material and prejudicial.

APPEAL by plaintiff from *Farthing, J.,* June 1960 Civil Term, of MECKLENBURG.

This is a civil action involving damages resulting from the collision of two automobiles at an intersection. Action was commenced 6 March 1959. Plaintiff, car owner and operator, sues defendants George R. Drye, driver, and James Clifford Drye, owner-passenger.

Plaintiff alleges that he suffered personal injury and damage to his car by reason of the actionable negligence of defendants, and defendants were negligent in that driver-defendant at the time of the accident violated the reckless driving statute, failed to yield one-half of the highway width, neglected to drive on his right half of the highway, failed to keep a reasonable lookout, and made a left turn at the intersection without first ascertaining that the movement could be made in safety.

18—253

Defendants deny the material allegations of the complaint and plead contributory negligence of plaintiff. Defendant owner-passenger counterclaims for personal injury and property damage.

The collision occurred about 5:55 p.m., 24 August 1958, at the intersection of U. S. Highway 29 and the Shankletown Road about one-half mile south of the city limits of Concord. Highway 29 runs generally north and south; Shankletown Road runs southeast and northwest. On Highway 29 about 100 yards south of the intersection there is a hill crest, and from this point there is a slight downgrade through the intersection and thence northwardly. Highway 29 has four lanes separated by white lines. Each lane is 11 feet wide. Two lanes are for northbound traffic, and two for southbound traffic. At the time of the accident the two western, or southbound, lanes were being resurfaced and were closed to traffic. But at the intersection there was an opening 24 feet wide across these lanes for accommodation of traffic on the Shankletown Road. With the southbound lanes closed, southbound traffic used the west or inside lane ordinarily used by northbound traffic. Appropriate signs along the highway at 100-yard intervals warned of road construction. The speed limit in the vicinity of the intersection was 45 miles per hour. At the intersection there was a clear vision for 800 feet to the south and 1500 to 2000 feet to the north along Highway 29.

Defendants were traveling northwardly along Highway 29, entered the intersection, attempted to make a left turn and were struck by plaintiff's car which was proceeding southwardly on the same highway. It had been misting rain and the highway was wet. A State Highway patrolman investigated the accident. He found debris about 4½ feet inside plaintiff's lane of travel and skid marks extending 20 feet from the rear wheels of plaintiff's car. These marks were inside plaintiff's lane. Both cars had front-end damage. Defendants' car had been knocked backwards 10 feet.

Plaintiff's version of the accident: Plaintiff approached the intersection at a speed of 35 miles per hour with his fog lights on. He slackened speed to 20 or 25 miles per hour as he neared the intersection. Defendants suddenly turned into plaintiff's lane and stopped when plaintiff was 50 to 60 feet away. Defendants' car protruded into plaintiff's lane about 4½ feet. Plaintiff immediately applied brakes and veered slightly to the right, but could not stop before the cars collided.

Defendants' version: Defendants approached the intersection at 35 miles per hour, entered the intersection, started to make a left turn and then observed plaintiff approaching at a distance of about

200 feet traveling at a speed of 55 to 70 miles per hour. Defendants stopped 3 or 4 feet inside plaintiff's lane, leaving a clearance of 8 or 9 feet for plaintiff to pass. Plaintiff applied brakes, skidded about 90 feet and struck defendants' car while moving at a speed ranging from 15 to 40 miles per hour. Defendants remained standing 8 to 10 seconds before the collision. Defendant-driver gave both a hand signal and mechanical signal before starting to turn. There was some debris in defendants' lane.

Issues were submitted to and answered by the jury as follows:

"1. Was the plaintiff injured and damaged by the negligence of the defendant, George R. Drye, as alleged in the complaint? Answer: No.

"2. If so, did the plaintiff by his own negligence contribute to his injury and damage as alleged in the answer? Answer: ............

"3. Was the defendant, George R. Drye, then and there operating said automobile as the agent of the defendant, James Clifford Drye, as alleged in the complaint? Answer: Yes (by consent).

"4. What amount, if any, is the plaintiff entitled to recover?
a. For personal injury:
b. For property damage:

"5. Was the defendant, James Clifford Drye, injured and damaged by the negligence of the plaintiff as alleged in the answer? Answer: No.

"6. What amount, if any, is the defendant, James Clifford Drye, entitled to recover of the plaintiff?
a. For personal injury:
b. For property damage:"

Judgment was entered in accordance with the verdict. Plaintiff appealed and assigned error.

*Leon Olive for plaintiff, appellant.*
*Helms, Mulliss, McMillan & Johnston for defendants, appellees.*

MOORE, J. Plaintiff assigns as error the failure of the court to explain to the jury the provisions of the reckless driving statute, G.S. 20-140, and on the first issue apply them to the evidence with respect to defendants' conduct. This assignment is without merit for the simple reason that such evidence does not justify an inference of reckless driving. Furthermore, the complaint does not allege facts which, if proven, would constitute reckless driving on the part of the

defendants; the allegation of reckless driving is largely a conclusion of the pleader stated in almost the exact words of the statute.

Plaintiff also excepts to the failure of the court, on the first issue, to instruct the jury with respect to. the provisions of G.S. 20-155(b) that a vehicle in an intersection or junction and making a left or right turn shall not be deemed to have the right of way in preference to a vehicle approaching the intersection "unless the driver of said vehicle has given a plainly visible signal of intention to turn as required in section G.S. 20-154." This exception is untenable for at least two reasons. The complaint does not allege a failure to give the signals required by statute. There is no evidence that defendants failed to give the signal; all the evidence on this subject is that the driver-defendant gave both a hand signal and mechanical signal. Where, from all the evidence before the court, the jury can draw but one inference, a new trial will not be granted for the court's failure to charge the jury upon the question. *Brannon v. Sprinkle,* 207 N.C. 398, 407, 177 S.E. 114.

"Plaintiff's most serious assignment of error relates to three excerpts from the charge, applied by the court to the second and fifth issues. They are as follows:

> "The defendant further insists and contends that the plaintiff has violated Section 20-155 of the General Statutes reading in pertinent part as follows: When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right except as otherwise provided in 20-156, and except where the vehicle on the right is required to stop by a sign erected pursuant to the provisions of 20-156, and except where the vehicle on the right is required to yield the right of way by sign erected pursuant to the provisions."

> "The driver of a vehicle on the left has the right of way if, when he reaches an intersection, the vehicle approaching on his right is far enough away so, in the exercise of reasonable care and prudence, he is justified in the belief he can pass over the intersection in safety. In such case, upon his entering the intersection, it becomes the duty of the driver of a vehicle approaching on the right to decrease speed and to keep his car under proper control and, if necessary, to stop and yield the right of way to avoid collision."

> "If the defendant has satisfied you from the evidence and by its greater weight that the defendant was in the intersection

first, that the vehicle approaching, that the plaintiff's vehicle approaching on the right was far enough away that, in the exercise of reasonable care and in safety, he was justified in believing he could pass over the intersection in safety, in that event he would have had the right of way; . . ."

A portion of the challenged instructions is based on G.S. 20-155(a). It seems settled that where motorists are proceeding in opposite directions and meeting at an intersection G.S. 20-155(a) has no application. *Shoe v. Hood*, 251 N.C. 719, 726, 112 S.E. 2d 543; *Fowler v. Atlantic Co.*, 234 N.C. 542, 67 S.E. 2d 496. Where cars are meeting at an intersection and one intends to turn across the lane of travel of the other, G.S. 20-155(b) and G.S. 20-154(a) apply. In such case the driver making the turn is under duty to give a plainly visible signal of his intention to turn, G.S. 20-155(b), and ascertain that such movement can be made in safety, G.S. 20-154(a). This, without regard to which vehicle entered the intersection first.

The challenged instructions are therefore erroneous in part. But, "The burden is upon appellant not only to show error but also to make it appear that the result was materially affected thereby to his hurt." *Garland v. Penegar*, 235 N.C. 517, 519, 70 S.E. 2d 486. The court applied the instructions to the second and fifth issues. The jury did not reach the second issue. The verdict on the fifth issue was in favor of the plaintiff notwithstanding the erroneous instructions. Error in a charge on an issue is harmless if the jury answers the issue in favor of the appellant. *Lookabill v. Regan*, 247 N.C. 199, 202, 100 S.E. 2d 521; *Scenic Stages v. Lowther*, 233 N.C. 555, 557, 64 S.E. 2d 846. We do not indulge the presumption that the jury applied the questioned instructions to issues other than those directed by the court.

No error.