ESTELLE C. DAVIS, ADMINISTRATRIX OF THE ESTATE OF DEBORAH DENISE DAVIS, DECEASED v. JOEL DEE PARNELL.

(Filed 21 October, 1964.)

1. **Appeal and Error § 42—**

In order to be entitled to a new trial for error in the charge appellant must show not only error but that the error adversely affected her chance of success on the issue in question.

2. **Trial § 32—**

The fact that the charge of the court is not in the usual form is not ground for objection if the charge fairly applies the law to the ultimate facts which each party, respectively, contends is established by the evidence, and gives proper balance to the opposing contentions.

APPEAL by plaintiff from *Hubbard, J.*, January, 1964 Session, NEW HANOVER Superior Court.

This civil action was here on a former appeal, reported in 260 N.C. 522. The pleadings and the plaintiff's evidence are sufficiently stated in the prior opinion.

At the new trial the defendant testified and offered corroborating evidence that he did not run through a red light at the intersection approximately 128 feet west of the point of accident; that he was driving approximately 30 miles per hour; that the deceased child darted out from behind another vehicle into his traffic lane; that he had insufficient opportunity and time to avoid striking her.

The jury found the issue of negligence in favor of the defendant. From the judgment dismissing the action, the plaintiff appealed, assigning errors.

*Aaron Goldberg, Rountree & Clark by Geo. Rountree, Jr., for plaintiff appellant.*

*W. G. Smith, for defendant appellee.*

HIGGINS, J. On the former appeal this Court reversed the nonsuit, holding the plaintiff's evidence was sufficient to require submission to the jury. Now the plaintiff has appealed from a judgment based upon the jury's finding that the death of her intestate was not proximately caused by the defendant's negligence. Although the plaintiff noted exceptions to the admission and exclusion of evidence, nevertheless she does not base any assignment of error thereon, but relies altogether for a new trial upon alleged errors in the instructions to the jury. Consequently, she must carry the burden of showing error in the charge adversely affecting her chance of success on the issue of the de-

fendant's negligence. *Bullin v. Moore*, 256 N.C. 82, 122 S.E. 2d 765; *Fleming v. Drye*, 253 N.C. 545, 117 S.E. 2d 416.

The plaintiff alleged the defendant was negligent in driving too fast; in failing to keep his vehicle under proper control; and in failing to keep a proper lookout under existing conditions. The evidence as to defendant's speed was conflicting. Plaintiff's witnesses estimated his miles per hour speed at 40 to 45; the defendant's witnesses, not exceeding 30. The parties stipulated the maximum lawful speed at the time and place was 35. The investigating officer found the defendant's vehicle left skid marks of 40 feet prior to contact. The vehicle moved two feet thereafter.

The court charged at great length as to the law governing defendant's duties under the conditions existing at the time and place of the accident. However, the court summarized its instructions in these words:

"It is the duty of every motorist who sees, or by the exercise of due care should see, a child on or near the traveled portion of a street to use proper care with respect to speed and control of his vehicle, and to maintain a proper lookout to give timely warning and avoid injury, and to recognize the likelihood of a child running into the street in obedience to a childish impulse. * * *

"If you find Mr. Parnell was not maintaining a proper lookout, or did not have his car under proper control at the time and place in question, as those terms have already been explained to you, or was operating his car in violation of the speed statute, as I have explained the law to you, and you find he did not see Deborah Denise Davis although she suddenly darted in front of his car, or from behind any other object, and further find that although she darted suddenly into his view that if he had been maintaining a proper lookout, or had been observing the speed law, he could have avoided striking and injuring her by the exercise of due care, he would be guilty of negligence, and if such negligence was a proximate cause of her death he would be guilty of actionable negligence in this respect. * * *

"In other words, if you find Mr. Parnell operated his car on Dawson Street at the time and place in question in excess of 35 miles an hour, or did operate it at a lower speed than 35 miles an hour, but such lower speed was greater than was reasonable and prudent under the circumstances and conditions then and there existing . . . he would have been guilty of negligence in violating the speed statute, and if you further find by the greater weight of the evidence such speed was one of the proximate causes of the death

of Deborah Denise Davis, he would be guilty of actionable negligence in this aspect. * * *

"We have taken up and considered the various acts of negligence charged against Mr. Parnell. If you find from the evidence and by its greater weight that he was negligent in one or more of the aspects charged, and that such negligence was one of the proximate causes of Deborah Denise Davis' death, then Mr. Parnell would have been guilty of actionable negligence, and you should answer the first issue 'Yes.' "

The plaintiff strenuously contends the court failed to state the evidence "to the extent necessary to explain the application of the law thereto," as contemplated by G.S. 1-180 and by the opinion of this Court in many cases, including *Bulluck v. Long*, 256 N.C. 577, 124 S.E. 2d 716. The charge as given is somewhat out of the ordinary in that, instead of reciting the evidence and applying the law thereto, the court interlaced and combined into one fabric the ultimate facts which according to the contention of each party the evidence established, and then applied the law thereto. The charge gave proper balance to the contentions of the parties.

The plaintiff has been represented by able counsel who obtained a reversal of the original nonsuit. In this trial she was unable to clear the first hurdle before the jury. The record before us does not disclose any valid reason why the judgment should be disturbed or any likelihood that another trial would produce a different result.

No error.