SOUTHERN RAILWAY COMPANY v. C. B. WOLTZ, ADMINISTRATOR DE BONIS NON OF THE ESTATE OF WILLIAM S. MATTHEWS, DECEASED.

(Filed 17 March, 1965.)

**1. Negligence § 24a—**

A party whose proof shows his adversary was guilty of actionable negligence is entitled to go to the jury unless he defeats his own cause by showing that he was guilty of contributory negligence as a matter of law.

**2. Negligence § 21—**

   Each party is charged with the duty of exercising such care as the exigencies and circumstances of the occasion may require, and there is no difference in the *quantum* of proof necessary to establish either party's failure to exercise such care, the only difference being that plaintiff has the burden on the issue of defendant's negligence and defendant has the burden upon the issue of plaintiff's contributory negligence.

**3. Negligence §§ 24a, 26—**

   When the evidence is conflicting on the issues of negligence and contributory negligence both issues are for the determination of the jury and may not be answered by the court as a matter of law.

**4. Railroads § 5—**

   Evidence of a railroad company that a driver drove upon the tracks in daylight in front of the company's train, which was traveling some 35 to 40 miles per hour, without observing the approach of the train, which could easily have been seen, and that the train crew had insufficient time to avoid the collision after seeing the driver when he entered upon the tracks, *is held* sufficient to be submitted to the jury on the issue of the driver's negligence in the railroad's action to recover for damages to its engine caused by the collision.

**5. Same—**

   Evidence permitting the inference that a railway train was stopped 35 to 40 feet north of the crossing, that the driver of the car stopped 12 feet from the northbound track, observed the stationary train which gave no indication of moving, and that as the driver undertook to cross the tracks the train suddenly started and collided with the automobile before the driver could clear the crossing, *is held* to take the case to the jury on the issue of the railroad company's negligence.

**6. Trial § 18—**

   The task of weighing conflicting evidence is for the jury and not the court.

APPEAL by both parties from *Latham, S. J.,* October, 1964 Civil Session, GASTON Superior Court.

The claim and counter claim involved in this action grew out of a railroad-highway grade crossing collision between the plaintiff's southbound train and the defendant's intestate's automobile near the southern corporate limits of Bessemer City. The collision occurred about 1:30 p.m. on a clear, cold December day in 1962. The plaintiff's locomotive was damaged. The defendant's intestate, Dr. W. S. Matthews, was killed and his Chevrolet automobile was damaged. By proper pleadings each party alleged the other's actionable negligence was the proximate cause of the collision.

At the conclusion of the evidence, which will be discussed in the opinion, the judge sustained motions for compulsory nonsuit both as

to the claim and the counter claim. From a judgment dismissing the action, both parties appealed.

*W. T. Joyner, George B. Mason; Mullen, Holland & Harrell by James M. Mullen for plaintiff appellant-appellee.*

*Davis & White by James R. Davis, Whitener & Mitchem by Basil L. Whitener, Wade W. Mitchem for defendant appellant-appellee.*

Higgins, J. The appeal requires the Court to determine whether on the plaintiff's appeal the evidence, in the light most favorable to the railroad, ignoring evidence *contra*, was sufficient to permit a legitimate inference the collision resulted from the negligence of Dr. Matthews; and on the defendant's appeal, whether the evidence in the light most favorable to the defendant, ignoring evidence *contra*, was sufficient to permit a legitimate inference the collision and damages resulted from the negligence of the railroad.

Under proper pleadings, evidence of actionable negligence takes the case to the jury unless contributory negligence appears as a matter of law. A party whose proof shows his adversary was guilty of actionable negligence is entitled to go to the jury unless he defeats his own cause by showing he was guilty of contributory negligence as a matter of law. With respect to the quantum of proof, there is no essential difference between negligence and contributory negligence. On the latter issue the parties reverse positions. In determining liability each party is charged with the duty of exercising such due care as the exigencies and circumstances of the occasion may require. If the evidence is conflicting on issues of negligence and contributory negligence, such are issues of fact and require jury determination. These issues may not be answered by the court as a matter of law. *Weaver v. Bennett,* 259 N.C. 16, 129 S.E. 2d 610; *Kinlaw v. Willetts,* 259 N.C. 597, 131 S.E. 2d 351; *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360; *Holderfield v. Trucking Co.,* 232 N.C. 623; 61 S.E. 2d 904.

According to the plaintiff's evidence, its train, consisting of a large diesel electric road switch engine and six freight cars, approached from the north the point where State Road No. 1403 crosses the railroad double tracks at right angles. From the road adjacent to the crossing a motorist had an unobstructed view of a train's approach from the north for approximately half a mile. The train was running south at 35 to 40 miles an hour as it approached the crossing. The time was 1:30 p.m. The weather was fair and cold. Railroad crossing signs were in place on Road No. 1403. The defendant's intestate was familiar with the crossing. He came to a momentary stop near the crossing, looked to the south, and moved onto the track in front of the train. The train

struck the automobile, causing damage to the engine in excess of $2,-000.00. At all times during the approach the horn on the train was blowing and the bell was ringing. The fireman from his position on the left of the engine saw Dr. Matthews stop, look south, then move onto the track in front of the train without looking north. Immediately on observing the movement the fireman gave the signal, the engineer applied the emergency brakes, but the train was too close to be stopped. Actually it traveled several hundred feet beyond the crossing under emergency brakes.

The plaintiff's evidence permits the inference that Dr. Matthews, in daylight and without observing the approach of the train from the north which he could easily have seen had he looked, entered upon the track in front of the train moving at 35 to 40 miles per hour. The train crew had insufficient time to avoid the collision after first discovering Dr. Matthews intended to cross.

According to the defendant's evidence, Dr. Matthews approached from the east, stopped about 12 feet from the crossing. "He pulled up on the north-bound track and the train was sitting over on the south-bound track. About the time he got on the north-bound track the train started off and they just met right there at the corner . . . and the left side of the train hit him and knocked him frontwards . . . It hit him again . . . about the time he got on the north-bound track the train started off and just as he hit the south-bound track they hit each other . . . As to whether the train got up to 20 miles per hour in 35 feet, my answer is 15 or 20 . . ."

Two eye-witnesses said they did not hear the whistle, bell, or other signal from the train.

The defendant's evidence permits the inference the train was stopped 35 to 40 feet north of the crossing. Dr. Matthews stopped 12 feet from the north-bound track, observed the stationary train which gave no indication of any intended movement, and as he undertook to cross the tracks the train suddenly started, ran over him before he could clear the crossing.

The testimony of the witnesses was sharply conflicting. Resolution of the conflict requires that the evidence be weighed — a jury function. Weighing evidence is not a task assigned to the Court — either trial or appellate.

On Plaintiff's Appeal — Reversed.

On Defendant's Appeal — Reversed.