HUGH JACKSON BANKS v. MARY KNAPP WOODS.

(Filed 13 October, 1965.)

**1. Negligence § 24a—**

Plaintiff is entitled to go to the jury in his action and defendant is entitled to go to the jury on his cross-action, respectively, if the evidence considered in the light most favorable to him is sufficient to permit a legitimate inference that the injury and damage were proximately caused by the actionable negligence of the other, unless his own proof establishes contributory negligence as a matter of law.

**2. Automobiles § 42h—**

Plaintiff's own evidence tended to show that he was traveling east on a four-lane highway approaching an intersection controlled by electric traffic signals, that he gave a left turn signal, stopped to permit two vehicles traveling west to pass through the intersection, and then crossed the westbound lanes, and that before he cleared the intersection he was hit by defendant's vehicle traveling west with the green light. *Held:* Plaintiff's evidence discloses contributory negligence as a matter of law.

**3. Same—**

Plaintiff contended that defendant was traveling at excessive speed when defendant collided with plaintiff's vehicle, which had made a left turn at

an intersection across defendant's lane of travel. Defendant testified that she was driving 35 miles per hour in a 45 mile per hour zone, and the physical facts disclosed that her vehicle stopped practically at the point of impact. *Held:* Defendant's evidence does not show contributory negligence as a matter of law, and nonsuit of defendant's cross-action was error.

APPEAL by both parties from *Martin, S. J.*, March-April, 1965 Civil Session, BUNCOMBE Superior Court.

This civil action, consisting of the plaintiff's claim and the defendant's counterclaim for damages, grew out of an automobile collision at the intersection of Patton and Louisiana Avenues in the City of Asheville. The accident occurred about 6:55 on the morning of March 31, 1964. Each party, by proper pleading, contended the collision, injury, and damages resulted altogether by reason of the other's actionable negligence. At the close of all the evidence the court entered compulsory nonsuit as to both claims. Each party appealed.

*Gudger & Erwin by James P. Erwin, Jr., for plaintiff appellant.*
*Williams, Williams & Morris by William C. Morris, Jr., J. N. Golding for plaintiff appellee.*
*Meekins, Packer & Roberts by Landon Roberts for defendant appellant.*

HIGGINS, J. According to all the evidence Patton Avenue is a four-lane east-west through highway. The two north lanes are for westbound traffic and the two south lanes for traffic east-bound. A grass median separated the north from the south lanes. Louisiana Avenue intersects Patton at right angles. Electric stop, go, and caution signals were installed and in operation at the time of the accident. Posted signs gave notice of a maximum speed of 45 miles per hour on Patton.

Immediately prior to the collision, the plaintiff, according to his own evidence, approached the intersection from the west in the inside lane for east-bound traffic, gave a left turn signal, stopped to permit two approaching vehicles to pass through the intersection, going west. After the second vehicle cleared the intersection, he turned left across the west-bound traffic lanes on Patton, intending to enter Louisiana. Before he cleared the intersection his Oldsmobile was hit by the defendant's Ford. The crash occurred in the northeast quadrant of the intersection. The investigating officer testified the two vehicles came to rest 40 feet apart — the Ford within three feet of the debris and the Oldsmobile more than 30 feet away. Neither vehicle left skid marks.

The evidence disclosed the intersection and signal lights could be seen a considerable distance by travelers approaching on Patton ave-

nue from either direction. Plaintiff testified he did not see the defendant's Ford until the impact. The defendant testified the last she remembers she was possibly a little more than two car lengths from the intersection, driving 35 miles per hour, intending to continue through on Patton. The light was green for such movement. She was rendered unconscious as a result of the accident.

This Court, in *Railway v. Woltz,* 264 N.C. 58, 140 S.E. 2d 738, stated the rules of law by which the trial court should determine whether motions for nonsuit should be allowed. Ordinarily, the plaintiff is entitled to go to the jury if the evidence, in the light most favorable to him, ignoring evidence *contra,* is sufficient to permit a legitimate inference that the injury and damage were proximately caused by the defendant's actionable negligence. The defendant is entitled to go to the jury on his counterclaim if the evidence, in the light most favorable to him, ignoring evidence *contra,* is sufficient to permit a legitimate inference his injury and damage were proximately caused by the plaintiff's actionable negligence. "Under proper pleadings, evidence of actionable negligence takes the case to the jury unless contributory negligence appears as a matter of law. A party whose proof shows his adversary was guilty of actionable negligence is entitled to go to the jury unless he defeats his own cause by showing he was guilty of negligence as a matter of law." *Railway v. Woltz, supra.*

In the case before us the plaintiff, admitting that although he was in a place of safety at the intersection, nevertheless, he turned left, crossed the intersection in front of the defendant who had the green light, blocked her travel lanes without even seeing her vehicle until the moment of impact, and without ascertaining his movement could be made in safety. Such conduct is negligence as a matter of law. *Greene v. Meredith,* 264 N.C. 178, 141 S.E. 2d 287; *King v. Sloan,* 261 N.C. 562, 135 S.E. 2d 556; *Clontz v. Krimminger,* 253 N.C. 252, 116 S.E. 2d 804. While the plaintiff alleges the defendant was guilty of excessive speed, she testified she was driving 35 miles in a 45-mile zone. The physical facts show her Ford stopped practically at the point of impact as disclosed by the debris. Her evidence does not disclose her negligence as a matter of law.

On the plaintiff's appeal the judgment is affirmed. On the defendant's appeal, the judgment of nonsuit on her counter-claim is reversed. She is entitled to go to the jury on the issues raised by her counterclaim and by the plaintiff's reply.

Plaintiff's appeal — Affirmed.

Defendant's appeal — Reversed.