PARDON *v.* WILLIAMS.

---

CAROLYN PARDON v. COY M. WILLIAMS, ARVELLA B. WILLIAMS, AND RALPH E. PARDON.

(Filed 3 November, 1965.)

Automobiles § 41e—

Evidence tending to show that defendant parked his car without lights, with two wheels some three feet on the hard-surface, that the shoulder of the 20-foot street, both north and south of the place, was sufficiently wide to have parked the vehicle clear of the hard-surface, and that the driver of the car in which plaintiff was riding, blinded by the lights of oncoming traffic, collided with the parked car, *held* sufficient to be submitted to the jury on the issue of negligence under common law principles, notwithstanding that the manner of parking did not violate the municipal ordinance and that G.S. 20-161 was inapplicable.

APPEAL by defendant, Coy M. Williams, from *Shaw, J.,* July 12, 1965, Session of FORSYTH.

PARDON *v.* WILLIAMS.

*McLennan & Surratt for plaintiff appellee.*
*Deal, Hutchins & Minor and Edwin T. Pullen for defendant appellant.*

PER CURIAM. Plaintiff seeks to recover damages for personal injuries suffered by her when the automobile in which she was a passenger collided with a parked car on Butler Street within the corporate limits of Winston-Salem. Plaintiff's husband, Ralph E. Pardon, owned and was operating the automobile in which she was riding. Defendant, Coy M. Williams, owned the other automobile involved in the collision and had parked it on Butler Street at a point across the street from his residence. The accident occurred about 9:00 P.M., 19 March 1960.

Plaintiff instituted this action against her husband, Ralph E. Pardon, and Coy M. Williams and his wife, Arvella B. Williams. During the course of the trial plaintiff took a voluntary nonsuit as to Mrs. Williams. The jury found defendant Pardon not negligent, but returned a verdict against Coy M. Williams in the amount of $2368. From judgment in accordance with the verdict, Coy M. Williams appeals.

The sole question presented by the appeal is whether the evidence is sufficient to make out a *prima facie* case of actionable negligence against appellant Williams.

The evidence, considered in the light most favorable to plaintiff, discloses these facts: Butler Street runs generally north and south and the paved portion was about 20 feet wide. On the west side of the street there was no curb and gutter and there were no residences within 500 feet of the point of the accident—it was a wooded area. Appellant's residence was on the east side of the street, and there were a number of dwellings near to and both north and south of appellant's residence on the east side of the street. About 7:00 P.M. appellant backed his car out of his driveway and parked it on the west side of the street headed north; its right wheels were on the paved portion of the street, 3 feet from the west edge of the pavement; neither the headlights nor parking lights were on. About 9:00 P.M. the Pardon car approached from the north at a speed of approximately 25 miles per hour (the maximum speed limit was 35 miles per hour), it was going upgrade and meeting traffic, the driver was blinded by the lights of a meeting car and before his vision cleared the collision occurred. The Pardon car did not get off the pavement at any point. The point of impact was three feet east of the west edge of the pavement. It was dark at the place of the acci-

dent and the color of appellant's car was dark blue. The right front of the Pardon car collided with the right front of appellant's car. At the point where appellant's car was parked the shoulder of the street was 5 feet wide. The investigating officer testified as follows: "The land falls off on the west side of Butler Street at that point. At the point where I found these two vehicles that fall off was approximately 5 feet west of the hard surface of Butler St. On down further south from that point the shoulder widened out. There is a big hole in the area where the two vehicles were; that hole was approximately 5 feet from the edge of the highway; then the shoulder widened out to I will say 10 to 12 feet back in this area southwardly. The hole is only a small hole, approximately 10 to 15 feet wide, and then the shoulder widened out after getting by that. I would say 10 to 15 feet south of where the vehicles were it widened out to about 12 feet wide."

Appellant contends that he parked his vehicle in full compliance with the pertinent ordinances of the City of Winston-Salem and, notwithstanding the fact that it was partially on the paved portion of the street, he is guilty of no negligence. According to section 17-86 of said ordinances a person may lawfully "park a vehicle in a roadway . . . parallel with the edge of the roadway headed in the direction of lawful traffic movement and with the righthand wheels of the vehicle within twelve (12″) inches of the curb or edge of the roadway." And section 17-101 provides that "Whenever a vehicle is lawfully parked at nighttime upon any street within a . . . residential district no lights need be displayed upon such parked vehicle." Appellant insists that he complied with these ordinances, except that his vehicle was not "headed in the direction of lawful traffic movement," and his conduct involved no breach of duty.

We agree that, under the facts and circumstances here presented, the direction in which his vehicle was headed could not have been a proximate cause of the collision. We also take note that G.S. 20-161 does not apply to vehicles parked in a residential district of a town or city on a street which constitutes no part of the State highway system. *Smith v. Metal Co.*, 257 N.C. 143, 125 S.E. 2d 377.

However, it is our opinion that there is sufficient evidence of negligence on the part of appellant to take the case to the jury on common law principles. Appellant's car was not disabled. He was in position to freely choose a parking place. About 15 feet south of the place where the car was parked, and about the same distance north thereof, the shoulder was 10 to 12 feet wide and the vehicle could have been parked so as to leave several feet clearance between it

and the paved portion of the street. The jury could find that in the exercise of reasonable prudence and foresight appellant could have foreseen that parking, without lights, at the narrowest place on the shoulder, partly on the pavement which was only 20 feet wide, would result in a collision with some vehicle blinded by meeting traffic, and that he was negligent in not choosing a more favorable place. "As a general rule, a motorist who desires to stop his vehicle or to leave it unattended on a street or highway is under a duty to select a suitable place, where his vehicle will not constitute an obstruction of the highway or a source of danger to other users of the highway; and this duty has been held to exist independently of any statutory requirement." 60 C.J.S., Motor Vehicles, § 330, p. 770.

In Supreme Court appellant demurred *ore tenus* to plaintiff's complaint on the ground that it does not adequately allege actionable negligence on the part of appellant. Paragraphs 9 and 10 of the complaint (as amended by leave of court and without objection of appellant at the close of the evidence) are sufficient to withstand the demurrer.

The court below properly overruled appellant's motion for nonsuit.

No error.