JOE H. ADAMS v. HAZEL Z. MILLS

No. 8320SC637

(Filed 1 May 1984)

**Automobiles and Other Vehicles § 11.4— failure to instruct on contributory negligence proper**

In a negligence action in which plaintiff sued for the property damage to his truck suffered when defendant crashed his truck into the plaintiff's dump truck after being blinded by the setting sun, the trial court properly failed to instruct on contributory negligence where the plaintiff offered evidence that he stopped his truck off the highway to sweep off any loose rock that might have been left after dumping rock in a driveway, G.S. 20-116(g), and where defendant failed to offer any evidence that the plaintiff parked his truck on the road "outside municipal corporate limits." The words "park" and "leave standing" of G.S. 20-161(a) have been construed so as to exclude a mere temporary or momentary stoppage for a necessary purpose, and leaving the parked vehicle "outside municipal corporate limits" is an essential element in establishing a violation of G.S. 20-161(a).

Chief Judge VAUGHN dissenting.

APPEAL by defendant from *Seay, Judge.* Judgment entered 16 March 1983 in Superior Court, ANSON County. Heard in the Court of Appeals 9 April 1984.

*Leath, Bynum, Kitchin & Neal by Fred W. Bynum, Jr., and Timothy C. Barber for defendant appellant.*

*Caudle, Underwood & Kinsey by Lloyd C. Caudle and Thad A. Throneburg; and Henry T. Drake for plaintiff appellee.*

BRASWELL, Judge.

Blinded by the setting sun, the defendant crashed his truck into the plaintiff's dump truck. The plaintiff sued for the property damage to his truck and the defendant counterclaimed for his personal injuries and property damages. Upon the plaintiff's motion, the trial court granted a directed verdict dismissing the defendant's counterclaim and refused to submit an issue of contributory negligence to the jury. The jury returned a favorable verdict for the plaintiff and damages were awarded in the amount of $4,600.00.

The primary question presented on appeal by the defendant is whether the trial court erred by refusing to submit to the jury the issue of contributory negligence. As stated in his brief, "[t]he defendant did not appeal the dismissal of his counterclaim and does not seek a new trial on the issue of damages but only upon the liability issues raised by the pleadings and the evidence."

On 4 February 1981, a fair and sunny day, the plaintiff, around 5:00 p.m., was dumping a load of stone on the driveway of a house he was landscaping. The plaintiff pulled up past the driveway, turned on his four-way flashers, and backed into the driveway. He hopped out of his truck, loosened the dump clamps, partially raised the dump, and started out of the driveway, dumping the rock as he went. After dumping all of the rock, the plaintiff pulled out into the highway in a westerly direction and onto the right shoulder of the road. The plaintiff and two other witnesses testified that he pulled the truck entirely off the road. He again got out and went to the rear of the truck to clean off the remaining rock and to fasten the tailgate. The plaintiff testified that he had been stopped for less than a minute when he heard the defendant's truck coming down the road from the east.

He looked over his right shoulder and saw that the defendant's truck was headed straight for him. To avoid being hit, the plaintiff jumped from the back of the truck into a roadside ditch. The plaintiff never heard the screech of tires or the defendant's horn.

The plaintiff further testified that from the driveway, looking in an easterly direction, there was a clear and unobstructed view from 1,200 to 1,400 feet. In a westerly direction, there was a straight, unobstructed view from 1,100 to 1,200 feet. Jack Painter, who was working with the plaintiff that day, testified that the defendant's truck was traveling sixty to sixty-five miles per hour.

The defendant's evidence consisted of the testimony of Larry Wayne Whitley, the State Highway Patrolman called to the scene, who stated that the plaintiff had previously indicated that his truck was not completely off the highway and that his left front and rear wheels were on the pavement. Whitley also testified that there were no skid marks from the defendant's truck and that the defendant stated he had never decreased his speed.

The defendant testified that:

[A]bout a quarter of a mile East of the accident scene, I noticed the sun was bright in front of me. . . . When I topped the hill I could see the area and Joe Adams' truck down there . . . . Then I proceeded on down the hill, and I got about halfway down the hill and the sun got worse. I pulled my sun visor down, and I put my right hand up so I could see the road.

The sun just blinded me. . . .

Well, the next thing I knew I'd done had the wreck . . . .

The defendant has essentially raised only one question for our review. He complains that the trial court erred by refusing to charge and to submit to the jury the issue of whether or not the plaintiff was contributorily negligent. G.S. 1A-1, Rule 51, requires a judge to "declare and explain the law arising on the evidence given in the case." This rule imposes a positive duty on the trial judge to charge on the substantial features of the case as the evidence dictates. *Clay v. Garner*, 16 N.C. App. 510, 192 S.E. 2d 672 (1972). With regard to a defense urged by the defendant, "the trial judge must submit the issue to the jury with appropriate in-

structions if there is evidence which, when viewed in the light most favorable to the proponent, will support a reasonable inference of each essential element of the defense asserted." *Pallet Co. v. Wood*, 51 N.C. App. 702, 703, 277 S.E. 2d 462, 463-64, *disc. rev. denied*, 303 N.C. 545, 281 S.E. 2d 393 (1981).

Because the defendant asserts that the plaintiff was contributorily negligent, he has the burden of proving that the plaintiff was negligent and that such contributory negligence was a proximate cause of the accident. *R.R. v. Woltz*, 264 N.C. 58, 140 S.E. 2d 738 (1965). The plaintiff's negligence, according to the defendant, is based on his violation of G.S. 20-161(a) which provides:

> No person shall *park or leave standing* any vehicle, whether attended or unattended, upon the paved or main-traveled portion of any highway or highway bridge *outside municipal corporate limits* unless the vehicle is disabled to such an extent that it is impossible to avoid stopping and temporarily leaving the vehicle upon the paved or main traveled portion. of the highway or highway bridge. (Emphasis added.)

The words "park" and "leave standing" of the statute have been construed so as to exclude a mere temporary or momentary stoppage for a necessary purpose. *Saunders v. Warren*, 264 N.C. 200, 141 S.E. 2d 308 (1965). The defendant concedes that the stop was a temporary one, but contends that it was not for a necessary purpose. We disagree. The plaintiff offered evidence that he stopped his truck to sweep off any loose rock that might have been left after the dumping so that when he continued his travel other vehicles would not be damaged by flying rock. G.S. 20-116(g) forbids any vehicle loaded with rock to be driven on the highway unless measures are taken to prevent the load from blowing off the truck.

In any event, the defendant has the burden of establishing the plaintiff's contributory negligence and he has offered no evidence that the stop was not temporary or that it was not for a necessary purpose. The defendant also failed to offer any evidence that the plaintiff parked his truck on the road "outside municipal corporate limits," which is an essential element in establishing a violation of G.S. 20-161(a). *See Pardon v. Williams*,

265 N.C. 539, 144 S.E. 2d 607 (1965). Because the defendant has failed to offer any evidence that the plaintiff violated G.S. 20-161(a), the basis for his contributory negligence claim, we hold the trial court properly refused to charge and to submit an issue of contributory negligence to the jury.

The defendant's second assignment of error contends that the trial court erred by refusing to set aside the verdict for errors of law committed during the trial. This assignment of error was argued together with the defendant's first assignment of error in the brief. The defendant has chosen not to specify any other errors of law allegedly committed other than the trial court's refusal to submit a contributory negligence issue to the jury. Thus, we must arrive at the same conclusion as stated above. Because the defendant offered no evidence that the plaintiff's actions constituted negligence in violation of G.S. 20-161(a) or with regard to any other standard of care, the trial judge was not obligated to charge the jury on contributory negligence or to submit it as an issue to them.

Affirmed.

Judge EAGLES concurs.

Chief Judge VAUGHN dissents.

Chief Judge VAUGHN dissenting.

I would order a new trial.

The question of plaintiff's contributory negligence should have been submitted to the jury. There is evidence tending to show that plaintiff "parked or left standing" his vehicle on the paved portion of the highway. There is no evidence that the vehicle was "disabled to such an extent that it [was] impossible to avoid stopping and temporarily leaving the vehicle" on the highway. The weight to be given the evidence of plaintiff's contributory negligence and the question of proximate cause were for the twelve. *Saunders v. Warren,* cited by the majority, reversed a judgment of involuntary nonsuit and held that the question of plaintiff's contributory negligence in stopping on the highway because his lane of travel was blocked by other stalled vehicles was for the jury.