STATE OF NORTH CAROLINA v. DEWEY ATKINSON

No. 707SC77

(Filed 25 February 1970)

1. **Constitutional Law § 32; Criminal Law § 143— probation revocation hearing — right to counsel**

   A defendant charged with the violation of conditions of a probation sentence is entitled to representation by an attorney.

2. **Constitutional Law § 32— right to counsel — time to prepare defense**

   The right of a defendant to be represented by counsel is not complied with as a mere formality and does not contemplate that counsel shall be compelled to act without being allowed reasonable time within which to understand the case and prepare for the defense.

3. **Constitutional Law § 31; Criminal Law §§ 91, 143— probation revocation hearing — time to prepare defense — denial of continuance**

   Attorney retained to represent defendant at a probation revocation hearing did not have a fair opportunity to acquaint himself with the law and the facts of the case, and defendant is entitled to a new hearing, where defendant, who was represented by court-appointed counsel at his trial a month before the revocation hearing, diligently endeavored while confined in jail to retain counsel to represent him at the hearing after being notified of the hearing the day before it was held, but was unsuccessful in doing so until an hour before the hearing, and the court denied a motion for continuance of the hearing made by defendant's counsel.

ON certiorari to NASH County Superior Court to review judgment of *Parker, J.*, entered 18 June 1969.

At the March-April 1969 Session of the Superior Court of Nash County, two true bills of indictment were returned against the defendant. In one he was charged with the unlawful possession of narcotic drugs on 9 February 1969. In the other, he was charged with the unlawful possession of narcotic drugs on 10 February 1969. Upon application and proper finding of indigency, W. O. Rosser was appointed by Judge Hubbard on 1 April 1969 to represent the defendant.

On 19 May 1969 the defendant entered a plea of guilty in each case. In one case he was given a sentence of two years, and in the other case he was given a sentence of not less than 3 nor more than 5 years. In both cases Judge May suspended the sentence and placed the defendant on probation for a period of 5 years.

On 16 June 1969 R. L. Gay, State Probation Officer, issued a warrant to the Sheriff of Pitt County to arrest the defendant so that

he could be returned to court to answer a charge of violation of the terms of probation. On the same day, 16 June 1969, pursuant to this warrant, the defendant was taken into custody. The following day on 17 June 1969 at 12:30 p.m., R. L. Gay, State Probation Officer, delivered a notice to the defendant pursuant to the provisions of Sec. 15-200.1 of the General Statutes of North Carolina advising the defendant that he planned to submit the attached report relating to the alleged violations of the terms and conditions of probation to the Judge of the Superior Court. The defendant acknowledged receipt of this notice on 17 June 1969. The report, in addition to setting out the alleged violation of the terms and conditions of probation, concluded:

"The hearing in this case is set for Superior Court on the ...... day 18, 1969, at 2:30 P.M.

This the 18 day of June, 1969.

s/ R. L. Gay
State Probation Officer"

On 17 June 1969, which was Tuesday, and while the defendant was still in jail in Pitt County, he got in touch with Mr. Leroy Scott, an attorney. Mr. Scott in turn communicated with Judge Parker, who was holding the Nash County Court, and requested a continuance. Judge Parker advised Mr. Scott that since he was on special assignment and his jurisdiction would only last the one week, he was unwilling to continue the case. Mr. Scott thereupon advised Judge Parker that he had been approached about employment in the case and that the defendant would just have to secure the services of another attorney.

The defendant did undertake to procure the services of "Attorney Diedrick," and Attorney Diedrick advised the defendant in the presence of Probation Officer Gay that he could not accept the case because he had to be in Raleigh at that time in another matter. The defendant then had someone communicate with Mr. W. O. Rosser, an attorney in Whitakers, N. C., to represent him. (Mr. Rosser had represented the defendant in the original trial in May.) This occurred sometime during the night of 17 June, and at a time when the defendant was still in jail in Pitt County. Mr. Rosser advised the defendant's messenger that he was scheduled to be in District Court in Tarboro, N. C., the morning of 18 June 1969 at 9:30, and that the messenger should meet him in the District Court in Tarboro at 9:30. The messenger missed Mr. Rosser at 9:30 a.m., and again later in the morning at the Patrol Station in Tarboro. Mr. Rosser re-

turned to his office in Whitakers where he received a telephone call, "probably an hour ago and I came immediately to the courtroom."

The record further reveals that sometime during the evening of 17 June 1969 or the morning of 18 June 1969 the defendant arranged for a $2,000.00 bail bond for his appearance in court in Nash County at 2:30 p.m. on 18 June 1969.

At the start of the hearing before Judge Parker, Probation Officer Gay stated that he had served notice on the defendant at 12:30 p.m. the day before together with a bill of particulars showing what he would be charged with, and that the defendant had denied all of the charges and thereupon Probation Officer Gay had subpœnæd witnesses to testify in the case. W. O. Rosser, the attorney for the defendant, duly moved the court for a continuance and stated:

"... I was notified as of just a short while ago, if the Court pleases, and I think that if the State is entitled to have witnesses to show that his probation has been violated that we are entitled to get evidence to satisfy the Court on his behalf as to whether or not there has been a violation."

In answer to this motion the Court stated:

"... This was served at 12:30 yesterday for him to be here this afternoon. I don't know how many attorneys there are between Greenville and Nashville, which I assume is some 65 or 70 miles or more, but he has had an opportunity to get his attorneys and to get his witnesses, and the motion for continuance will be denied."

At the conclusion of the hearing Judge Parker entered a judgment revoking probation and placing into effect the sentence in both cases. This judgment was entered 18 June 1969. To the findings, rulings and judgment the defendant in apt time objected, took exceptions and gave notice of appeal.

On 27 June 1969 W. O. Rosser filed an affidavit to the effect that he had not been retained to represent the defendant on appeal, and that he had no objection to any other attorney representing him and would be glad to furnish any information that any other attorney might desire and which he had available.

On 17 July 1969 Judge Fountain found the defendant to be an indigent and in need of services of an attorney, and thereupon appointed Mr. Leon Henderson to represent the defendant. Time for perfecting the appeal having elapsed, Mr. Henderson, on behalf of the defendant, filed a petition for writ of certiorari which was granted by this Court.

*Attorney General Robert Morgan by Staff Attorney Edward L. Eatman, Jr., for the State.*

*Fields, Cooper & Henderson by Leon Henderson, Jr., for defendant appellant.*

CAMPBELL, J.

We are not passing upon the merits of this case as to whether the defendant violated the conditions of his probation sentence. The determination of that will be at a subsequent hearing. We are confronted with whether the defendant's constitutional rights have been denied in the trial below.

[1]  A defendant charged with the violation of conditions of a probation sentence is entitled to representation by an attorney. *Mempa v. Rhay,* 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967); *McConnell v. Rhay,* 393 U.S. 2, 21 L. Ed. 2d 2, 89 S. Ct. 32 (1968).

[2]  Where a defendant is entitled to counsel, this requirement is not complied with as a mere formality and

> ". . . It does not contemplate that counsel shall 'be compelled to act without being allowed reasonable time within which to understand the case and prepare for the defense.'" *State v. Farrell,* 223 N.C. 321, 26 S.E. 2d 322 (1943).

North Carolina General Statutes 15-200.1 provides for notice on the part of the probation officer to the accused that he proposes to pray for revocation of probation. This statute further provides:

> ". . . The Court, at the request of the defendant, shall grant a reasonable time for the defendant to prepare his defense. . . ."

The North Carolina Supreme Court in *State v. Farrell, supra,* stated:

> "Ordinarily, whether a cause shall be continued is a matter which rests in the sound discretion of the trial court and, in the absence of gross abuse, is not subject to review on appeal. . . . This rule is so firmly established in this and other jurisdictions as to become axiomatic. It is not debated here.
>
> But when the motion is based on a right guaranteed by the Federal and State Constitutions, 14th Amend., U.S. Const., Art. I, sections 11 and 17, N. C. Const., the question presented is one of law and not of discretion, and the decision of the court below is reviewable."

[3]  The record in this case discloses that the defendant was an indigent in May and had court-assigned counsel representing him

at his trial. At the hearing one month later while confined in jail many miles distant from the court where he was to be tried, he nevertheless diligently endeavored to retain counsel. He was unsuccessful in doing so until about one hour before the hearing. It is obvious that the attorney retained by the defendant did not have "a fair opportunity to acquaint himself with the law and the facts of the case." *State v. Farrell, supra.*

New hearing.

PARKER and HEDRICK, JJ., concur.