## STATE OF NORTH CAROLINA v. ROY LEE EDWARDS

### No. 707SC230

### (Filed 27 May 1970)

1. **Homicide § 21— second-degree murder — use of shovel — nonsuit**
   Evidence of defendant's guilt of second-degree murder by use of a shovel was sufficient to go to the jury.

2. **Homicide § 9— self-defense**
   Self-defense is based on necessity, real or apparent.

3. **Homicide § 28— instruction on self-defense — omission of apparent necessity**
   An instruction on self-defense that the defendant could use no more force than was reasonably necessary under the circumstances for his protection is erroneous in omitting the element of apparent necessity, and the error is not cured by correct instructions on this point in another part of the charge.

APPEAL by defendant from *May, S.J.,* October 1969 Criminal Session of WILSON County Superior Court.

Defendant was tried for murder in the second degree under a bill of indictment charging him with the capital offense of murder. The jury returned a verdict of guilty of manslaughter and from judgment imposing a prison sentence of not less than twelve nor more than fifteen years defendant appealed.

*Robert Morgan, Attorney General, by Harrison Lewis, Deputy Attorney General, Robert G. Webb, Trial Attorney, and Howard P. Satisky, Staff Attorney, for the State.*

*Farris and Thomas by Robert A. Farris for defendant appellant.*

GRAHAM, J.

[1] Defendant contends that the court erred in overruling his motion for judgment of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence.

The State's evidence tended to show that deceased died from a blow to the back of the head suffered when he was struck with a shovel by defendant on 24 September 1969. The incident occurred in the yard of the house where defendant and deceased lived and shared a room. Several witnesses testified for the State that defendant came from inside the house carrying the shovel and attacked the deceased who was armed with an open "hawk-bill knife" and a stick. One witness described what transpired as follows: "When Edwards

[defendant] came out the door with the shovel, he went straight down the steps and Buddy [deceased] was getting up off the porch. Willie Ruffin [deceased] was backing back and after he picked up the stick and Roy [defendant] was coming up on him with the shovel and beating him with the shovel, he said, 'Please don't beat me with the shovel.' Roy said, 'I am going to kill your damned — anyhow.' And so he kept on hitting him 'til the last lick — he knocked him out flat. All this time, Buddy Ruffin was standing up there with his hand up. . . ."

The theory of defendant's defense was that he administered the fatal blow while exercising his right of self-defense. He testified as follows:

"I got home that day after 7:00 in the evening. Willie Gray was sitting on the edge of the porch when I walked up. I spoke to him and he told me 'You are a m - - - - - f - - - - - -. I am going to cut your throat.' I said what did I do to him. He said, 'You heard what I said.' He had his hawkbill knife. I saw it and told him to go ahead on and leave me alone. That is when he stood up and I went around and got the shovel. It was sitting around beside the house. That is when he swung at me and I swung at him. We wound up out there in the street. He swung at me two or three times but didn't ever cut me. I swung at him with the shovel and missed him the first time. The next time, I hit him on the leg. He swung again and I hit him on the shoulder the next time. * * * The last time he swung, when I swung at the shovel (sic), I hit him beside the head, the last time."

We find the evidence sufficient to raise the issue of defendant's guilt of second degree murder and to support the jury verdict finding defendant guilty of manslaughter. This assignment of error is overruled.

Defendant also assigns as error various portions of the court's charge to the jury including the following:

"If one who is fighting in self-defense uses more force than is reasonably necessary under the circumstances for his protection and he takes the life of another while so doing, he is guilty of manslaughter."

[2, 3] This assignment of error must be sustained. Self-defense is based on necessity, real or apparent. *State v. Jennings,* 276 N.C. 157, 171 S.E. 2d 447, and cases therein cited. The instructions excepted to are erroneous in that they fail to charge that defendant

could use such force as was reasonably necessary or *apparently* necessary. "[O]ne may fight in self-defense and may *use more force than is actually necessary* to prevent death or great bodily harm, if he believes it to be necessary and has a reasonable ground for the belief." *State v. Francis,* 252 N.C. 57, 59, 112 S.E. 2d 756. (Emphasis added). In the case of *State v. Johnson,* 184 N.C. 637, 113 S.E. 617, the Supreme Court said:

> "Whether there was any actual necessity for killing the deceased in order to save his own life, or to prevent great bodily harm to him, makes no difference, provided, at the time, the prisoner believed, and had reason to believe, that from the facts and circumstances as they then appeared to him he was about to be killed, or to suffer some enormous bodily harm."

It is true that the judge in this case did, in another part of his charge, give the correct instruction. However, "[a]n erroneous instruction upon a material aspect of the case is not cured by the fact that in other portions of the charge the law is correctly stated." *State v. Ellerbe,* 223 N.C. 770, 28 S.E. 2d 519. See also: *State v. Jennings, supra; State v. Fowler,* 250 N.C. 595, 108 S.E. 2d 892; *State v. Isley,* 221 N.C. 213, 19 S.E. 2d 875; *State v. Floyd,* 220 N.C. 530, 17 S.E. 2d 658.

We do not rule on the other assignments of error since these questions may not recur in a new trial.

New trial.

MALLARD, C.J., and MORRIS, J., concur.