STATE OF NORTH CAROLINA v. LOHMAN RAY MAYS, JR.

No. 7219SC187

(Filed 29 March 1972)

1. Criminal Law § 91— denial of continuance

In this homicide prosecution, the trial court did not err in the denial of defendant's motion for continuance made on the ground that his counsel needed time to investigate information given him on the day of trial that deceased carried a pistol under the front seat of his car, where (1) the trial judge authorized defendant's counsel to interview any of the State's witnesses, (2) defendant had an opportunity to cross-examine a witness who was a passenger in deceased's car when deceased was killed to elicit any evidence that deceased carried a gun in his car, and (3) evidence that deceased kept a gun under the front seat of his car would not have established a right of self-defense in the defendant.

2. Homicide § 30— failure to charge on manslaughter

In this prosecution for second degree murder, the evidence did not require the court to instruct the jury on the lesser included offense of manslaughter.

APPEAL by defendant from *Fountain, Judge,* at the October 11, 1971 Session of CABARRUS Superior Court.

The defendant was arrested on a charge of first-degree murder. A preliminary hearing was held on 9 September 1971 at which defendant was represented by court-appointed counsel.

An indictment was returned in October charging the defendant with first-degree murder. When the case came on for trial on 13 October 1971, the Solicitor for the State advised defendant that he would not require him to plead to the capital charge but only to second-degree murder. Before entering a plea the defendant moved the court for a continuance. In support of the motion, defendant's attorney informed the court

that he had not had sufficient time to prepare for the trial and that he had information which, if investigated, might tend to raise a defense for the defendant. The motion was denied.

The defendant entered a plea of not guilty to the charge of second-degree murder.

At the trial the State introduced evidence which may be summarized as follows: On February 22, 1969, at approximately midnight, one David Barringer and two friends went to the What-A-Burger drive-in restaurant in Kannapolis, North Carolina. They placed an order and were waiting for it to be served. The three men were talking among themselves and laughing. A man identified as the defendant got out of an automobile parked beside Barringer's automobile and approached the Barringer automobile on the driver's side. He warned the occupants of the Barringer automobile to "watch their language" and "keep the noise down." He threatened them with a beating if they did not comply. David Barringer said, "We don't want any trouble." The defendant started back to his car. He then turned and fired one shot which struck David Barringer in the neck. The defendant returned to his automobile and left the drive-in. It was stipulated that David Barringer's death on February 22, 1969, was the sole, direct and proximate result of a gunshot wound.

The defendant presented no evidence.

The jury returned a verdict of guilty of murder in the second degree. Judgment was entered imposing a prison sentence.

From the verdict and judgment, defendant appeals.

*Attorney General Robert Morgan by Associate Attorney (Miss) Christine A. Witcover for the State.*

*Wesley B. Grant for defendant appellant.*

CAMPBELL, Judge.

The defendant assigns as error the trial court's denial of his request for a continuance and the failure of the trial court to instruct the jury on the lesser included offense of manslaughter.

[1] The defendant contends that on the day of trial his attorney was made aware of certain facts which might produce a defense for defendant and that under these circumstances a continuance should have been granted to allow more time in which to prepare for trial. In support of his motion, defendant's attorney informed the judge that he had heard that David Barringer carried a pistol under the front seat of his automobile. The defendant's attorney contends that he was informed of this information on the day of trial. He argues that he should have been granted a continuance to allow him to investigate this information and that failure to grant the continuance was a denial of defendant's rights.

Ordinarily, whether a continuance shall be granted is a matter of discretion resting with the trial judge and his decision is not subject to review except for gross abuse. But when the motion is based on a right secured by the Federal and State Constitutions the question is one of law and the decision of the trial court is reviewable. *State v. Atkinson,* 7 N.C. App. 355, 172 S.E. 2d 249 (1970). An indigent charged with a felony is entitled to representation by counsel as a matter of right. *Gideon v. Wainwright,* 372 U.S. 335, 9 L.Ed. 2d 799, 83 S.Ct. 792 (1963). And the right to counsel includes the right of counsel to consult with witnesses and to prepare a defense. *State v. Farrell,* 223 N.C. 321, 26 S.E. 2d 322 (1943).

It is apparent in this case that the defendant's attorney, who has represented him at all stages of the proceedings, was appointed prior to the preliminary hearing held on September 9, 1971. The trial in this case was not conducted until October 13, 1971, more than a month after the preliminary hearing. When defendant's motion for continuance was denied, the trial judge authorized the defendant to interview any of the prosecution's witnesses that he desired to interview. Further, the defendant had an opportunity on cross-examination of the State's witness Starnes, who was a passenger in the deceased's automobile, to elicit evidence of any weapon that Barringer may have carried in his automobile. Defendant did not attempt to bring this information out on cross-examination.

Even if defendant had established that Barringer kept a gun in the front seat of his car, this evidence would not establish a right of self-defense in the defendant. Self-defense requires, among other things, that the one invoking the defense be

without fault in initiating the affray. *State v. Jennings*, 276 N.C. 157, 171 S.E. 2d 447 (1969). It must also be shown that the killing was necessary or appeared to be necessary to prevent death or great bodily harm to defendant. *State v. Edwards*, 8 N.C. App. 296, 174 S.E. 2d 28 (1970). The record in this case indicates that the defendant was clearly at fault in initiating the affray. There is no evidence that defendant was in any real or apparent danger from Barringer. The denial of defendant's motion was proper.

[2] The defendant also argues that the trial judge erred when he failed to instruct the jury on the lesser included offense of manslaughter. The trial judge is required to instruct the jury on the lesser included offense of manslaughter only where there is evidence which would sustain such a verdict. *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971). It is not error to omit a charge on manslaughter where there is no evidence of manslaughter. The evidence in this case does not present any offense of manslaughter and the trial court's omission of a charge on manslaughter was proper.

No error.

Judges BRITT and GRAHAM concur.