STATE OF NORTH CAROLINA v. MAE WALKER

No. 7418SC439

(Filed 5 June 1974)

1. **Homicide § 21— second degree murder — sufficiency of evidence**
   The State's evidence was sufficient for the jury in a prosecution for second degree murder where it tended to show that defendant and the victim had been arguing throughout the evening, that when the victim got into bed he put a loaded pistol on a chair at the head of the bed, and that the victim called defendant a "name" and defendant grabbed the pistol, cocked it and shot the victim in the head.

2. **Homicide § 27— failure to instruct on involuntary manslaughter**
   The trial court in a homicide case did not err in failing to instruct the jury on involuntary manslaughter where the evidence showed an intentional firing of a pistol.

3. **Homicide § 28— instruction on apparent necessity**
   The trial court in a homicide case sufficiently instructed the jury on apparent necessity.

APPEAL by defendant from *Exum, Judge,* 5 March 1973 Session of Superior Court held in GUILFORD County (High Point Division).

Defendant was charged in a bill of indictment, proper in form, with the murder of James Willie Leggett (Leggett). At the call of the case for trial, the District Attorney announced that the State would seek a verdict no greater than murder in the second-degree. Defendant pleaded not guilty. The jury returned a verdict of guilty of voluntary manslaughter and the court adjudged that defendant be imprisoned for a term of twelve years with credit to be given for time she spent in jail from 2 December 1972 until 7 February 1973. Defendant appealed, assigning errors.

*Attorney General Robert Morgan, by Assistant Attorney General Raymond W. Dew, Jr., for the State.*

*Assistant Public Defender of the Eighteenth Judicial District Richard S. Towers for the defendant.*

BRITT, Judge.

[1]   Defendant first assigns as error the denial of her motion for judgment as of nonsuit interposed at the close of all the evidence. The evidence, viewed in the light most favorable to the State as is required upon the motion, tended to show in pertinent part:

Defendant and Leggett, the victim, had lived together on Windley Street in High Point for two years. On 2 December 1972, Leggett arrived at his home about four p.m. and, after going back out for a half an hour and returning, began to drink intoxicants. Following the evening meal, defendant and Leggett decided to go out and, accompanied by Dianne Walker, they visited in the homes of two friends. During this time Leggett continued drinking and became intoxicated. Throughout the evening he fussed at defendant, cursed her, said that he should kill her, and that she knew he was "going to get" her. Thereafter, Leggett and defendant returned to their home, letting Dianne Walker out on the way. The fussing continued after they returned home, with defendant arguing back as they prepared for bed. Leggett got into bed, putting a loaded pistol which he had carried throughout the evening, on a chair at the head of the bed. Defendant left the bedroom and went into the kitchen. Upon her return to the bedroom, Leggett called defendant a "name" and started reaching for the pistol. Defendant grabbed the pistol, cocked it, and fired, the bullet hitting Leggett in his head. Leggett died at about five the next morning from brain damage due to the bullet wound.

We hold that the evidence was sufficient to overcome the motion for nonsuit.

[2]   On her second assignment of error, defendant contends the court erred in failing to charge the jury that they could find defendant guilty of involuntary manslaughter. This assignment has no merit. The trial judge must instruct the jury on a lesser included offense when there is evidence to sustain such a verdict. *State v. Mays*, 14 N.C. App. 90, 187 S.E. 2d 479 (1972). In *State v. Wrenn*, 279 N.C. 676, 683, 185 S.E. 2d 129, 133 (1971), we find: "The crux of that crime [involuntary manslaughter] is whether an accused unintentionally killed his victim by a wanton, reckless, culpable use of a firearm or other deadly weapon. (Citations.)" The evidence in this case shows an intentional firing of the pistol; therefore, the trial judge was not required to charge on involuntary manslaughter.

---

[3]  On her third assignment of error, defendant submits that the court failed to charge that defendant could use as much force as was apparently necessary under the circumstances. In charging upon the elements of self-defense, the court stated that it would be necessary for defendant to satisfy the jury " . . . [t]hat the defendant in this case did not use excessive force, that is, more force than reasonably appeared to her to be necessary at the time. Again, it is for you the jury to determine the reasonableness of the force used by the defendant under all of the circumstances as they appeared to her at the time." It is implicit in this statement that defendant could use that force apparently necessary. The assignment is overruled.

Defendant's fourth assignment of error, to the entry of judgment, is formal and dependent upon her other assignments. For reasons stated above this assignment is also overruled.

No error.

Judges HEDRICK and CARSON concur.