STATE OF NORTH CAROLINA v. BOBBY SIMPSON

No. 7525SC529

(Filed 5 November 1975)

Constitutional Law § 32— probation revocation hearing — right to counsel
      The trial court erred in conducting a hearing revoking defendant's probation where defendant was not represented by counsel. G.S. 15-200.1.

APPEAL by defendant from *Ferrell, Judge*. Order entered 6 February 1975 in Superior Court, BURKE County. Heard in the Court of Appeals 14 October 1975.

This is an appeal from an order revoking defendant's probation and activating a prison sentence imposed 23 February

State v. Simpson

1971 in the Superior Court of Burke County following defendant's pleas of guilty to misdemeanor breaking and entering and misdemeanor larceny.

On 9 August 1974 a hearing was held before Judge Thornburg on the State's motion to revoke the probation. At that hearing Judge Thornburg found as a fact that the defendant had violated the terms and conditions of probation but did not enter an order revoking probation. Instead he continued the hearing until 18 November 1974 where he conducted a further hearing. At this latter hearing, the defendant was represented by counsel. Judge Thornburg again found as a fact that the defendant had violated the terms and conditions of his probation as follows:

"That the defendant has wilfully and without lawful excuse violated the terms and conditions of the probation judgment, however, the Court accepts the fact that the defendant has caught his support payments up to date on this date."

Judge Thornburg did not revoke defendant's probation at the November hearing but entered an order in pertinent part as follows:

" . . . this probation hearing is continued until February 3, 1975, upon condition that he keep his support payments up to date as ordered July 30, 1974, in the Burke County District Court."

On 5 February 1975 this matter came on for hearing before Judge Ferrell who, on 6 February 1975, made findings and conclusions that the defendant had violated the terms and conditions of his probation and entered an order revoking the probation and activating the prison sentences theretofore imposed.

Defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Robert G. Webb for the State.*

*Simpson, Martin, Baker & Aycock by Samuel E. Aycock for defendant appellant.*

HEDRICK, Judge.

When this matter came on for hearing before Judge Ferrell on 5 February 1975, the defendant was not represented by

counsel. The record indicates the court reviewed the record and particularly the orders entered by Judge Thornburg following the hearings on 9 August and 18 November 1974. Apparently Judge Ferrell talked to the defendant regarding his employment status and questioned the clerk regarding "any other violations." Although Judge Ferrell incorporated in his findings of fact the findings made by Judge Thornburg in his two orders, it seems clear he revoked the defendant's probation on a finding that the defendant had failed to support his family pursuant to an order of the district court entered on 30 July 1974. If the defendant did in fact fail to support his family in violation of the district court's order, and such was a violation of a condition of probation, it occurred between 18 November 1974 and 5 February 1975, since Judge Thornburg found as a fact "that the defendant has caught his support payments up to date on this date."

Defendant contends, and the State concedes, error in that defendant was not represented by counsel at the hearing on 5 February 1975 before Judge Ferrell. G.S. 15-200.1; *State v. Atkinson,* 7 N.C. App. 355, 172 S.E. 2d 249 (1970). While the record indicates that the defendant was represented by counsel at the hearing before Judge Thornburg on 18 November 1974, it is clear he was not represented by counsel at the continued hearing wherein Judge Ferrell revoked the probation. Indeed, the record strongly suggests that no meaningful hearing was really conducted by Judge Ferrell.

For the reasons stated the order revoking defendant's probation is vacated and the cause is remanded to the superior court for further proceedings.

Vacated and remanded.

Chief Judge BROCK and Judge CLARK concur.